### ELI MITCHELL v. JORDAN R. BASS.

If a debtor surrender to the defendant a note which he holds on him, for the joint benefit of himself and the plaintiff, and the defendant so receive it, he is liable to the plaintiff for one-half of the note, although he has made no express promise to pay it, and was subsequently compelled, as surety of the debtor, to pay more than the amount of the note, to other parties.

APPEAL from Gonzales.   Tried below before the Hon. Fielding Jones.

The appellant, who was plaintiff in the court below, alleged that the defendant, Bass, and himself, were the sureties of A. M. Griswald, on a note to B. B. Walker; that Griswald held a note on Bass, for $365, which he delivered to Bass, and that he so received it, for the mutual benefit of himself and the plaintiff, on account of their liability to the said Walker, one-half of which had been paid by the plaintiff, and the other half by the said Bass; and that he had promised to pay the plaintiff one-half of the amount of the said note, &c.

The defendant answered by a general denial, and also that he had paid the proceeds of the note to other parties, to whom he was bound as surety for Griswald.

There was testimony tending to prove that the note had been delivered to Bass, and received by him for the joint benefit of himself and the plaintiff, as alleged in the petition.

The judge instructed the jury as follows, viz: "If you believe from the testimony, that the defendant promised and undertook to pay one-half of the amount of the note surrendered by Griswald to Bass, Griswald being indebted to Mitchell for money paid on his account, you should find for the plaintiff, for the amount of one-half the note.   But, unless you believe that Bass expressly promised to pay Mitchell the one-half the note, he, Bass, would not be liable to Mitchell, although Griswald may have turned over the note for their joint benefit; if you believe

that Bass has been compelled to pay the note to other parties, you should find for the defendant."

There was a verdict and judgment for the defendant; a motion for a new trial was overruled, and the plaintiff appealed.

*William H. Stewart,* for the appellant.

*Parker & Miller,* for the appellee.

BELL, J.—We are of opinion, that the court below erred in the charge to the jury. The instruction to the jury was so framed, that they were precluded from finding for the plaintiff, unless there was evidence of an express promise by Bass, to pay one-half of the note in question, to Mitchell. Mitchell's right to recover, did not depend upon an express promise by Bass to pay, but upon the terms of the transaction between Bass and Griswald. If Griswald was indebted to both Mitchell and Bass, and placed the note in question in the hands of Bass, for the joint benefit of himself and Mitchell, and Bass so received it, then Bass would be liable to Mitchell for one-half of the note, without any express promise.

We think the charge of the court was erroneous, and calculated to mislead the jury; and that the motion for a new trial ought, for that reason, to have been sustained. The judgment of the court below is reversed, and the cause remanded.

Reversed and remanded.