### O. M. AIRHART v. RUTH J. MURPHY AND ANOTHER.

1—A testator appointed his wife executrix of his will, without accountability to the Probate Court. After his death she probated the will, and filed an inventory as required by the statute. Subsequently she married, and a creditor of the testator sued her as executrix, joining her husband as a co-defendant, although he had never joined her in any bond. *Held*, that this case is not affected by anything in Art. 1284, Paschal's Digest, requiring a husband to join his wife in the execution of a bond, when she shall become an executrix or administratrix, and that the plaintiff was entitled to judgment.

APPEAL from Rusk. Tried below before the Hon. J. B. Williamson.

The facts are sufficiently stated in the opinion. Nothing in the record shows that the executrix ever executed any bond as such, unless that be inferred from an allegation in the petition that letters testamentary were granted to her. The suit was not brought upon any bond, as might, perhaps, be supposed from some portions of the opinion.

*Parsons & Jones*, for appellant.

*Morris & Casey*, for appellees.

Every married woman acting as executrix, or administratrix, gets her representative capacity, either when she has a husband, and applies to be appointed, in which case her husband must join with her in that representative capacity and become a co-executor, or co-administrator, by the first section of the above recited article (see Mitchell v. Wright, 4 Tex. R., 283); or by the second section, or member of that article, she is an executrix or administratrix, and then marries, in which event her representative capacity ceases unless, or until, her husband joins her and assumes that representative capacity by joining her in a bond where one is required, and taking the oath which is required of all executors and administrators.

Nickelson v. Ingram, 24 Tex. R., 630, seems to be decisive of the above case, and to sustain the ruling of the District Court. In that case, Julia A. Nickelson, deceased, wife of John L. Nickelson, had executed her promissory note. Margaret Ingram, wife of James Ingram, was the owner of that note, and, with the consent of her husband, applied in the County Court for administration on the estate of Mrs. Nickelson. The application was contested by Mr. Nickelson, surviving husband, and the County Court ordered letters to issue to him; but he failed to qualify. Mrs. Ingram then claimed the right to administer, alleging that her husband consented, but refused to join her in the administration. She was appointed by the County Court administratrix on the estate of Mrs. Nickelson. Mr. Nickelson appealed to the District Court. The judgment of the County Court, granting letters to Mrs. Ingram, was affirmed. The synopsis given here is confined to the case, so far as it applies to the present case only.

The Supreme Court say, page 634: " The petition of Mrs. Ingram to the County Court shows affirmatively that she is a married woman, and that her husband refuses to join in her application for letters of administration. The 24th section of the act of March 20th, 1848, regulating proceedings in the County Court, pertaining to estates of deceased persons, provides that when a married woman shall wish to accept and qualify as executrix or administratrix, 'she may jointly with her husband execute such bond as the law requires;' and that ' whenever an executrix or administratrix may be a married woman, she and her husband shall act jointly in all matters pertaining to her representative capacity.' We think that this statute imposes upon the husband of a married woman, who may accept and qualify as executrix or administratrix, the duty of assuming the representative capacity along with her, because the law would not empower any one to act as administratrix of an estate who had not assumed that capacity, and made himself not only responsible to parties interested, but subject to the authority of the court in his character of administrator."

The Supreme Court reversed the decisions of both the inferior courts. Since the object of the law is, in both instances, to make the husband responsible in his representative capacity, not only to individuals, but subject to the orders of the court, that object cannot be attained until he, as well as his wife, has made himself responsible by assuming that representative capacity, or character, by joining her in a bond when required, and, in all cases, by taking the oath required of executors and administrators.

And so the errors assigned are not well taken.

MORRILL, C. J.—On January 1, 1860, one Ewing executed to plaintiff his promissory note, and afterwards died, leaving the note unpaid, having previously made his will, appointing his surviving wife his executrix, with directions to settle the estate without the intervention of the Probate Court. The widow having probated the will, and returned into court an inventory of the property, married Murphy.

The note being unpaid, and Mrs. Murphy, executrix, refusing to pay it, suit was brought on the note against her as such executrix, as well as her husband in his capacity as such, requesting a judgment against her in her fiduciary capacity.

The County Court, after several rulings and counter rulings, gave judgment, and the defendants appealed to the District Court, which reversed the judgment of the County Court and dismissed the cause. In this condition we find the case as brought here for appeal.

The defendant excepts to the sufficiency of the petition because it does not appear that the husband of Mrs. Murphy has entered into a bond jointly with his wife, as provided in Art. 1284 of the Digest, viz: "Whenever a married woman may be appointed executrix or administratrix, and shall wish to accept and qualify as such, she may, jointly with her husband, execute such bond as the law requires, and acknowledge the same before the Chief Justice of the court where the will was proved, or letters were granted ; and such bond shall bind her

estate in the same manner as if she were a feme sole; and whenever such executrix or administratrix may be a married woman, she and her husband shall act jointly in the matters pertaining to her representative capacity."

The defendants rely upon the first part of this article to sustain the exceptions to the petition, and the plaintiff upon the last part to sustain the petition.

The first part provides in what manner a married woman may become an executrix or administratrix. This has no reference to the parties that are not married, and the last part of the article has no reference to what shall be done when an executrix shall be a married woman. In one case the article has reference to the bond to be given, and requires that the husband shall unite with her in the execution of the bond. But if she gave a bond when she was a single woman the bond would be good and valid to bind all her property, and should she, while executrix, marry, no additional bond is required; but she and her husband shall act jointly in all matters pertaining to her said representative capacity.

In the case before the court the woman was already an executrix before she married, and her estate is bound by the bond she gave; and as she and her husband were made joint defendants, the plaintiff did all that he was required to do, and as there was no defense to the note the court should have rendered judgment therein.

Reversed and remanded.