### W. W. HILL v. W. F. GRANT AND ANOTHER.

1. The sheriff's return upon a citation was—"executed thirty-first March, 1859, by delivering to the defendant a true copy of this writ, together with the accompanying certified copy of petition." *Held*, that the return was good.

2. The above return distinguished from that held insufficient in Graves v. Robertson, 22 Texas, 130.

Error from Burleson. Tried below before the Hon. R. E. B. Baylor.

The opinion is referred to for all facts of significance.

*Hill & Hill*, for plaintiff in error.

No brief for defendants in error.

LINDSAY, J.—There is no assignment of errors in the transcript of the record. But the counsel for the defendant suggests delay, which requires this court to look into the record, and if there be errors apparent, the court must notice them. The appellant files a brief, and calls the attention of the court to the sheriff's return upon the citation as error. The return is, "executed thirty-first March, 1859, by delivering to the defendant a true copy of this writ, together with the accompanying certified copy of petition." Upon the authority of Graves v. Robertson, 22 Texas, it is contended this return is insufficient. In that case the return was, *served* the defendant with a true copy of the writ and of the petition. In this it is *delivered* to the defendant, a true copy of the writ and of the petition. In the first the *manner* of service was not stated. In the latter the *manner* is stated, by *delivery* to the defendant. Service is a legal term. By simply saying *served*, the fact is not made apparent from which the legal

deduction of service is to be drawn. But delivery to the defendant is a fact which constitutes legal service. The judgment must be affirmed with damages, which is accordingly done.

Affirmed.