## B. C. H. JOHNSON v. E. &. E. BARTHOLD.

1. SHERIFF'S RETURN OF SERVICE.—A sheriff's return, as follows: "Executed by delivering to B. C. H. Johnson a true copy of this citation, together with accompanying certified copy plaintiff's petition April 22, 1874," held sufficient—the defendant's name being properly given.
2. Distinguished from Roberts *v.* Stockslager, 4 Tex., 307; Hart *v.* Clifton, 19 Tex., 56; Underhill *v.* Lockett, 20 Tex., 130; Graves *v.* Robertson, 22 Tex., 130; and Thomasson *v.* Bishop, 24 Tex., 302.

ERROR from Rusk. Tried below before the Hon. M. D. Ector.

*Drury Field* and *N. G. Bagley,* for plaintiff in error.

. *Jones & Henry,* for defendant in error.

REEVES, ASSOCIATE JUSTICE.—In this case it is contended by counsel for the plaintiff in error that the sheriff's return of service is defective in failing to show that the defendant was served in person with a copy of the writ and petition as the statute requires. The sheriff's return is as follows: "Executed by delivering to B. C. H. Johnson a true copy of this citation, together with accompanying certified copy plaintiff petition, April 22, 1874."

The cases referred to in the briefs are not applicable to this case, and do not sustain the objection to the service.

In the case of Roberts *v.* Stockslager, 4 Tex., 307, the return of the sheriff shows that the process was served by leaving a copy of the writ and petition. In Hart *v.* Clifton, 19 Tex., 56, there is a mistake in the name of the defendant, and the return was defective on other grounds. In Underhill *v.* Lockett, 20 Tex., 130, it does not appear to whom the copy was delivered. In the case of Graves *v.* Robertson, 22 Tex., 130, and Thomasson *v.* Bishop, 24 Tex., 302, the writ was executed by serving the defendant with a copy, &c.

The case of Graves *v.* Robertson decides that the return of the sheriff, showing that he had executed the writ by serving the defendant with a copy, &c, did not meet the statutory requirement that the service shall be made by delivering to the defendant in person a copy of the writ and petition. The manner of the service was left to be inferred, when it should have been stated, and not left to inference.

The sheriff's return in the present case is not subject to that objection. The statute provides that "the sheriff or other officer receiving any process shall indorse thereon the day on which he received it, and shall execute the same, where not otherwise directed by the writ or citation, by delivering to the party or parties in person upon whom he is required to serve it, a copy thereof and a copy of the petition accompanying it, if there be one, if the party can be found; when the process directs other mode of service, it shall be executed according to the requirements of the process." (Paschal's Dig., art. 1433.)

In this case the process required service on B. C. H. Johnson. The sheriff, in his return, states that he delivered to B. C. H. Johnson a copy of the citation and petition. The party served has the same name of the defendant in the writ. This, we think, was sufficient. (Brown *v.* Robertson, 28 Tex., 556.)

There being no error in the judgment, it is affirmed.

AFFIRMED.