THE CONTINENTAL INSURANCE CO. v. S. H. MILLIKEN.

(Case No. 5329.)

1. SERVICE OF CITATION, AND RETURN THEREOF.— Service of citation upon the local agent representing an incorporated or joint stock company in the county where the suit is brought should be made by a delivery by the officer of a true copy of the citation to the local agent, and the return of service should state that service was effected in that manner.

2. SAME.— The return of an officer on a citation, which states that the writ was *served*, without disclosing the method in which it was served, does not state a fact necessary to assure jurisdiction, but states a conclusion as to the legality of an executive act, of which the law does not make the officer the judge, and such return of service is insufficient.

3. SAME — PRACTICE — AMENDMENT.— Where exceptions to the sufficiency of the service of citation on the defendant had been overruled, and exception taken, the act of the district court in permitting the return of service to be so amended as to show legal service cannot be considered on appeal, when such permission was given after the appeal was perfected.

4. PRACTICE — EXCEPTIONS, BILL OF.— When, at the request of counsel, conclusions of law and facts are made out by the trial judge, and neither the conclusions of law nor the sufficiency of the facts to sustain the judgment are excepted to, the sufficiency of the facts found to sustain the legal conclusions will not be considered an appeal, unless exceptions are waived.

5. SAME.— If exceptions be made and noted, the adverse party is charged with notice thereof, and he may, in his own protection (if deemed necessary), have a statement of facts fully presenting the case made and submitted.

6. SAME — PRACTICE.— When no exceptions are taken to the conclusions of law, or to the judgment, the only inquiry on appeal will be as to whether the pleadings authorized the judgment (unless the failure to except was waived, or not insisted on).

APPEAL from Parker. Tried below before the Hon. A. J. Hood. The opinion explains itself.

*Lanham & Stephens*, for appellants, that the court erred in overruling exceptions to the return of service, cited: R. S., arts. 1219, 1225; Graves *v.* Robertson, 22 Tex., 130; Willie *v.* Thomas, 22 Tex., 175.

*B. G. Bidwell* and *Jasper N. Haney*, for appellee, cited 61 Tex., 483, and 29 Tex., 155, on the question involved in the service of citation, and discussed other questions held not properly raised by exceptions below.

STAYTON, ASSOCIATE JUSTICE.— There was exception taken to the service of citation in this case, and this was overruled.

The return on the citation was, "came to hand the 14th day of June, A. D. 1884, at 10 o'clock A. M., and executed the 14th day of

June, 1884, by delivering to the Continental Insurance Company, by serving upon A. N. Grant in person, its local agent at Weatherford, Parker county, Texas, a true copy of this citation."

That service upon any incorporated company or joint stock association may be made on the local agent representing such company or association, in the county in which suit is brought, is declared by statute. R. S., 1223.

The question in this case is, must the return show that the officer delivered to the local agent a true copy of the citation, if service be made upon the local agent?

The statute evidently requires that the true copy of the citation shall be delivered to the local agent if service be made upon him in the county in which the suit is brought, and it declares that "the return of the officer executing the citation shall be indorsed on or attached to the same; it shall state when the citation was served, and the manner of service, conforming to the command of the writ, and shall be signed by him officially." R. S., 1225.

The word "served," as used in this connection, evidently means that the act required by law to acquire jurisdiction over the person of a party to a suit has been accomplished; and by the word "service," as used in this connection, is evidently meant the particular act of the officer by which the copy of the citation was communicated to the local agent.

The manner of this service may be operative or not; and that it may be known whether the process by which jurisdiction over the person of a defendant is acquired has been properly executed, the statute requires that the "manner of service" shall be stated in the return.

In cases of this character, service of the citation, made on a local agent, is operative only when a true copy of the citation is delivered to him by a proper officer.

The "manner of service" to be effective must be by the officer delivering to such agent the true copy of the citation, and as this alone, when service is made on the local agent, constitutes effective service, and within the meaning of the statute is the manner in which service must be made, the statute intends that the officer shall show by his return that he made the service on the agent in this method.

To state that an officer executed process by serving it upon a named person is not to state the manner of service, but to give only the legal conclusion of the officer as to the compliance of his act with the requirements of the statute. It is to state no more than

that he served process by serving it upon a particular person,— the manner of service is left untold.

The statute now in force differs in no essential respect from the former law declaring that the manner of service should be shown by the officer's return (P. D., 1507); and under that it was held, in many cases, that the return must show that the copy of the citation was delivered to the person on whom the writ directed service to be made. Graves v. Robertson, 32 Tex., 131; Willie v. Thomas, 22 Tex., 175; Ryan v. Martin, 29 Tex., 412; Thomason v. Bishop, 24 Tex., 302.

The statement in the return, that the citation was executed by the delivery to the corporation of a copy of the citation, could be made good only by showing proper service on the local agent, or in some other manner authorized by the statute.

The court erred in overruling the motion or exception to the sheriff's return.

It is hardly necessary to say that this court cannot, in this case, revise the action of the court below in overruling a motion to correct the sheriff's return on the citation, made since the appeal in this case was perfected and since the term at which the judgment was rendered.

If the court below had permitted the return so to be amended, it could not affect the case on this appeal. Thomason v. Bishop, 24 Tex., 304.

There are other questions raised in the brief of counsel, but they cannot be considered in the absence of proper bills of exception, statement of facts or conclusions of law excepted to in the court below, the failure to except being here insisted on, and not waived, by a submission of the case without objection to the consideration of the conclusions of fact and law based on the ground that no exception was noted in the court below.

Conclusions of fact and law, made out at the request of counsel, are found in the record; but neither the conclusions of law nor judgment were excepted to, and, in such case, the sufficiency of the facts found to sustain the legal conclusion will not be considered, unless the failure to have the exceptions noted be waived.

If a party intends to have a case revised on the conclusions of fact and law found by the judge who tried the case, he should except to the conclusions and have his exceptions noted in the judgment entry. General Laws, 1879, p. 119.

When such exception is made and noted, the adverse party must take notice of it, and if in his opinion the conclusions of fact or law

are not so full or accurate as they should be, for his own protection, it will be his right to have a statement of facts from which the judgment may be sustained; or in any other respect to have a complete presentation of the case.

If no exception to the conclusions of law or judgment of the court is noted, unless the failure to except be waived or not insisted on, the only inquiry will be, whether the pleadings justify the judgment; any other rule would often cause the reversal of judgments which would be affirmed if the case was fully presented.

If, however, with notice that the adverse party intends to present his case for revision on the conclusions of fact and law, the successful party causes no statement of facts to be made, or the record otherwise made to exhibit the whole case, then he will be understood to acquiesce in the disposition of the case on appeal upon the pleadings, conclusions of fact and law, and the judgment and such exceptions as may be evidenced by the bills of exception taken or otherwise.

For the error of the court below in overruling the exceptions to the return on the citation, the judgment is reversed and the cause remanded.

REVERSED AND REMANDED.

[Opinion delivered April 24, 1885.]