MISSOURI, KANSAS & TEXAS RAILWAY COMPANY v. SCOGGIN & DUPREE.

Decided November 3, December 15, 1909.

**1.—Citation—Motion to Quash Service—Voluntary Appearance.**

Where defendant's motion to quash service of citation is overruled and exceptions reserved, if he answer to the merits and proceed to trial at that term without indicating by his answer that he still reserves his objection to the jurisdiction, it will be taken as a voluntary appearence at that term. Central & M. Ry. Co. v. Morris & Crawford, 68 Texas, 49, followed, and Western C. P. & Organ Co. v. Anderson, 97 Texas, 432, distinguished.

**2.—Evidence—Usual Time of Transportation—Opinion of Expert.**

One qualified by experience in the shipment of cattle by rail between certain points may state, as an expert, the usual time made by such shipments. Houston & T. C. Ry. Co. v. Roberts, 101 Texas, 418, distinguished.

ON MOTION FOR REHEARING.

**3.—Service of Citation—Railway Agent.**

The officer's return of service of citation against a nonresident railway company, the citation directing delivery to a local agent of defendant named in the petition, which showed delivery of copy of the writ and petition to defendant in person by delivery to such agent in person was sufficient to show that the copies of the citation and petition were delivered to the agent named.

Appeal from the County Court of Mitchell County. Tried below before Hon. W. B. Crockett.

*H. C. Hughes,* for appellant.—The return of an officer on a citation which states that the writ was executed by service upon the local agent in person without disclosing the method in which it was served does not state a fact necessary to assure jurisdiction, but states a conclusion of the officer making such return as to the legality of an executive act of which the law does not make the officer the judge and such return is insufficient. Continental Ins. Co. v. Milliken, 64 Texas, 46; Sun Mutual Ins. Co. v. Seligsen, 59 Texas, 4; Thomason v. Bishop, 24 Texas, 302; Hill v. Grant, 33 Texas, 132; Willie v. Thomas, 22 Texas, 175; Graves v. Robertson, 22 Texas, 130; Underhill v. Lockett, 20 Texas, 131; Western C. P. & Organ Co. v. Anderson, 97 Texas, 432.

To allow a witness to state the usual and customary time for making runs between two points is only another means of allowing him to give his conclusions as to what is a reasonable run and is therefore inadmissible. Houston & T. C. R. Co. v. Roberts, 101 Texas, 418.

*Ed. J. Hamner,* for appellees.—The return of service was sufficient. Frick v. Wright, 55 S. W., 609.

FISHER, CHIEF JUSTICE.—This is a suit for damages by the appellees on account of delay and rough handling of cattle shipped from Colorado, Texas, to East St. Louis. The suit was originally

against the Texas & Pacific Railway Company, the Missouri, Kansas & Texas Railway Co. of Texas, and the appellant, Missouri, Kansas & Texas Railway. The case was dismissed as to the Texas & Pacific Railway, and judgment was in favor of the Missouri, Kansas & Texas Railway Company of Texas, and against the appellant, Missouri, Kansas & Texas Railway Co. for $307.30.

Appellant's first assignment of error complains of the action of the trial court in not sustaining the motion of appellant to quash the return of the officer endorsed upon the citation purporting to show service upon it. The return is as follows: "Came to hand on the 7th day of February, 1908, at 8 o'clock a. m., and executed in Grayson County, Texas, by delivery to the within named defendant in person a true copy of this citation, together with the accompanying certified copy of plaintiff's petition, at the following times and places, to wit: Name: Missouri, Kansas & Texas Railway Company, by service upon George E. Stoner, its local agent, in person, at Denison, in Grayson County, Texas," giving the date and the signature of the officer. The objection is that the return does not show that service was made by delivering to Stoner, the local agent of the appellant, a true copy of the citation, with the accompanying certified copy of the petition; that the words "service upon the agent" is a conclusion of the officer, and is not the equivalent of the words, "delivery to." If we concede that under the rule announced in Continental Insurance Co. v. Millican, 64 Texas, 46, the return of the officer on the citation in question was defective, the motion made by appellant to suppress same placed it in court for the next term, Central & M. Ry. Co. v. Morris and Crawford, 68 Texas, 55, and upon order overruling the motion it could have relied upon the correctness of its position and have declined to answer and declined to submit itself to the jurisdiction of the court at the term at which the motion was overruled. If the appellant was right in its contention that the motion to quash the return was well taken, all the advantage it could have gained would have been a postponement or continuance of the case to the next term of court. Having voluntarily answered to the merits without the answer reserving the privilege to be heard at the next term, nor asking for a postponement or continuance, but voluntarily going to trial upon the answer so filed, the appellant submitted itself to the jurisdiction of the court, and is in no position to complain. In discussing a somewhat similar question, the court in the case of Railway v. Morris and Crawford says:

"But let it be conceded for the sake of argument that the alias citation and service upon the alleged agent were not good. At the first term of court the plaintiff in error moved to quash the service upon it, and its motion was overruled. The statute merely provides that if the service or citation is quashed upon motion of the defendant, he shall be deemed to have entered his appearance at the succeeding term of the court. Revised Statutes, 1243. The result of this rule is that whenever he appears and moves to quash the service, he is considered as having appeared to the merits at the next term, whether his motion be sustained or overruled. If properly overruled

he is in court from the time of the service. If improperly overruled, and the cause be continued, he is not prejudiced by the action of the court for the reason that the continuance is the only advantage he would· have obtained if his motion had been granted. The error in such a case is immaterial, and is not a ground for a reversal of the judgment. It is the option of a defendant who thinks he is not duly served with process either to move to set it aside or to appeal from the ·judgment should one be rendered against him. There is no compulsion upon him to pursue the· former course. Should he see proper to do so it is not seen that the Legislature has infringed any of his constitutional rights by declaring in effect that his appearance to quash the writ or service shall at all events be deemed a good appearance for the next term should the cause be continued. The statute is a salutary one. It tends to the speedy disposition of causes, to the saving of costs, is conservative of the rights of the parties, and should be liberally construed and applied."

The question here discussed, it is true, is not strictly analogous, but it is impliedly so.· The effect and meaning of the discussion is that if the appellant has had his day in court, he is in no position to complain. In this instance the appellant stood upon the merits of its defense in the court below, without any intimation whatever, so far as shown by the record, that· it was not then ready and willing to proceed with the trial; and, such being the case, and voluntarily answering, the court had the power to proceed with the trial at that term.

The remaining assignment complains of the action of the trial court in allowing a witness to testify as to the usual and customary time of making cattle shipments between Colorado City and East St. Louis. The evidence shows that the witness who testified to these facts had many years experience in shipping cattle between these points over the lines of railway in question, and that he was fully qualified to testify as to the usual time required in transporting cattle between those two places. This is a different question from that decided by the Supreme Court in Houston & T. C. Ry. Co. v. Roberts, 101 Texas, 418.

We find no error in the record and the judgment is affirmed.

*Affirmed.*

### OPINION ON REHEARING.

Upon a further examination of the officer's return upon the citation which is set out in the original opinion, we have concluded that it is substantially sufficient. Considered in all of its parts it in effect shows that the citation and copy of petition was delivered to Geo. E. Stoner, the agent of appellant, the party named in the citation upon whom service was directed to be made, and in these respects it is different from the return set out in the case of Continental Ins. Co. v. Millican, 64 Texas, 46.

As pointed out in the original opinion, the objection urged to the return is that it does not directly state that the copy of citation and petition was delivered to the agent Stoner in person, but merely states that it was served upon him, which it is contended is not

equivalent to the words "delivered to him." All parts of the return should be considered in determining its effect; and if, taken as a whole, it reasonably appears from the words used that the party named in the writ was served by a delivery to him of the process, it should be deemed sufficient, although the orderly arrangement of the words employed in the return is not as clear and definite as it might have been. The citation in this instance upon its face named George E. Stoner as the agent of appellant to whom delivery was to be made. The return expressly states that there was a delivery to the defendant in person, a true copy of the citation and petition "at the following times and places, to wit: by service upon George E. Stoner, its local agent in person." Of course, it was impossible to have delivered the process to the defendant in person, because it is a corporation incapable of receiving it except through some person who represents it. Therefore, the use of the expression "delivered to the defendant in person" is not to be taken literally, and thereby breed an absurdity; but when considered in connection with the subsequent part of the return it evidently was intended to apply to the agent Stoner. He is the party named in the process to be served, and the concluding part of the return shows that he was served in person. That part of the return which shows that Stoner was served in person, when read in connection with what precedes it, evidently was intended to apply the word "delivery" to him. The use of the expression in the return "at the following times and places, to wit," was explanatory of what preceded, and was intended, evidently, to mean that all that is said in the return upon the subject of delivery to defendant referred to and was intended to apply to Stoner. The words "deliver to in person" are entitled to be given some effect and application which, as said before, would be impossible as applied to the defendant corporation, but it would be consistent with other parts of the return when given a common sense construction, to hold that the return, with reasonable certainty, shows that the process was delivered to the agent Stoner, the party named in the body of the writ to whom delivery was directed to be made. Any other application of the words "delivered to" would be absurd.

Holding the return sufficient, we might be relieved from the necessity of passing upon the question of waiver; but in view of the fact that the appellant claims that the question of the sufficiency of the return is controlled by Insurance Co. v. Millican, supra, we think it proper to again notice and discuss the question of waiver as passed upon in the original opinion. It is claimed by appellant in its motion for rehearing that our disposition of the principal question discussed and passed upon in the original opinion is in conflict with the views of the Supreme Court in Western C. P. & Organ Co. v. Anderson, 97 Texas, 432. This is an erroneous construction of the opinion previously handed down, and we will endeavor to point out the distinction between the two cases. In the case referred to, the Supreme Court held that the return was defective and that the trial court erred in not sustaining the motion to quash, and that thereafter the defendant was required to answer or suffer judgment

by default, and that he was not required to ask for a postponement or continuance in order to preserve his right to question the action of the trial court on appeal. That case did not touch upon the question of the voluntary appearance of the defendant and submitting to the jurisdiction of the court by an answer to the merits and an announcement of ready for trial and voluntarily proceeding with the trial to the end, without any reservation being made known to the court that it was not ready or willing to proceed, and that it was not intended to submit its person to the jurisdiction of the court at that term. Nor did the court hold that art. 1242, Sayles' Civil Statutes, which is to the effect that the answer shall constitute an appearance, did not apply in such a case; nor was it the purpose to overrule Mueller v. Heidemeyer, 109 S. W., 451, in which a writ of error was refused, and other like cases which point out acts sufficient to constitute an appearance and waiver of service and what effect should be given to such appearance in cases in which no citation was issued or served. The Supreme Court did not say that the motion to quash did not have the effect of an appearance, and thereby practically destroy the force of art. 1243; nor did the court overrule the case of Central & M. Ry. Co. v. Morris & Crawford, 68 Texas, 49, which holds that such motion, whether sustained or denied, places the defendant in court; but what was said was that if overruled the defendant had until the next term to answer. The Supreme Court did not say, and I apprehend will not say, that the slight benefit conferred upon a defendant by art. 1243 could not be waived, and that the purpose of that statute was to confer upon a defendant a greater right and protection than he would be entitled to if never at all served with process. If the case had fallen within the latter class, the statute by art. 1242 and all the cases upon that subject hold that although not served a defendant who voluntarily appears and takes part in the trial or proceedings without protest, submits his person to the jurisdiction of the court, and this is precisely what was held in the original opinion handed down in this case. Although the appellant filed in seasonable time its motion to quash the return, which was overruled, to which action it reserved its bill of exceptions, nevertheless, it filed at that term an answer to the merits, upon which, the judgment shows, it announced ready for trial. A trial on the merits was had with the result of a verdict and judgment against appellant; and all of this, so far as the contrary appears from the record, was voluntary and without protest, and without making known to the court in some manner that there was no purpose on the part of the defendant to submit its person to the jurisdiction of the court at that term. So far as the contrary appears from the record, the defendant may have concluded that, notwithstanding the adverse ruling of the court on the motion to quash the return, it was as well prepared for trial at that term as at another, and that it would file an answer presenting its defense and announce ready and go to trial and take the chance of a verdict and judgment in its favor. If such was the case, no court of ordinary intelligence has ever held, so far as we are advised, or will likely

ever hold, that the jurisdiction of the court over the person of the defendant was not perfect, and that it could not or should not then proceed to the trial, but defer the trial to a subsequent term in order to confer upon the defendant a privilege he may have been entitled to if he had pursued a different course, but which his conduct shows he has voluntarily waived.

Motion for rehearing and to certify is overruled.

*Motions overruled.*