GULF STATES BRICK COMPANY v. BEAUMONT RICE MILLS COMPANY.

Decided May 14, 1910.

**1.—Jurisdiction—Notice of Appeal—Transcript.**

The mere fact that a notice of appeal was not carried into the minutes of the court, although entered on the judge's docket, is not sufficient cause for the dismissal of the appeal.

**2.—Appeal—Transcript—Certificate.**

The clerk's certificate to a transcript on appeal was that the transcript "is a true and correct transcript of the proceedings, etc.," omitting the word "all" with reference to the proceedings; held, sufficient as against a motion to dismiss.

**3.—Same—Trial Without Jury—Exception to Judgment—Practice.**

Where a case is appealed without a statement of facts and on the conclusions alone of the trial judge, and it does not appear that any exception to the judgment or to the conclusions of fact and law was taken and entered of record in the trial court, assignments of error attacking such conclusions and judgment can not be considered on appeal.

**4.—Same—Statute Construed.**

What might appear by way of recital in the court's conclusions filed ten days after the adjournment of the court, can not be taken as such entry of record of exception to the judgment as is required by art. 1333, Rev. Stats., in cases where appeal is prosecuted upon conclusions of fact and law alone.

Appeal from the County Court of Jefferson County. Tried below before Hon. R. W. Wilson.

*W. P. Molette* and *E. E. Easterling,* for appellants.

*Taliaferro & Barry,* for appellees.

REESE, ASSOCIATE JUSTICE.—This is an appeal from a judgment of the County Court in favor of defendant in a suit by appellant against appellee, for recovery of money on open account. The defendant denied liability. The suit was originally brought in the Justice Court, and appealed to the County Court by the plaintiff upon the rendition of a judgment in that court for defendant.

The case is appealed upon the court's conclusions of fact and law alone. There is no statement of facts nor bills of exceptions in the record.

Appellee moves to dismiss the appeal on the ground that the record does not show that notice of appeal was given in the trial court. There is in the transcript, a motion for a new trial and an order overruling the same signed by the county judge in which notice of appeal is shown, but attached to the motion is an affidavit of one of appellee's counsel, that this order was not carried into the minutes, but was copied from the judge's docket. The motion is not based on the ground that notice of appeal was not given, but that the same was not entered of record. (Art. 1387, Rev. Stats.).

It is also urged, as ground for dismissal, that the certificate of the clerk to the transcript is insufficient, in that it is certified that the transcript "is a true and correct transcript of the proceedings, etc."—omitting the word "all" with reference to such proceedings. (Arts. 1411, 1416, Rev. Stats.). As to this last ground of the motion, we think the certificate is sufficient. The cases cited by appellee in support of this ground of the motion are not applicable, as will be readily seen by a reference to the character of the certificates in those cases. Paris & G. N. Ry. Co. v. Armstrong, 83 S. W., 28; Freeman v. Collier Racket Co., 101 Texas, 60. See also Elliott v. Elliott, 105 S. W., 1011.

As to the first ground of the motion, that the notice of appeal was not entered of record, without further discussion we conclude that the same is not well taken under authority of the following cases: Western U. Tel. Co. v. O'Keefe, 87 Texas, 423; Wichita Valley Ry. Co. v. Peery, 88 Texas, 378; Wichita Valley Ry. Co. v. Peery, 87 Texas, 597.

Objection is made by appellee to the consideration of any of the assignments of error, on the ground that no exception to the judgment or to the conclusions of fact and law was taken and entered of

record in the trial court. An inspection of the record discloses that this is true. What appears by way of recital in the court's conclusions filed ten days after the adjournment of the court, cannot be taken as such entry of record of exception to the judgment as is required by the statute, in cases where appeal is prosecuted upon the conclusions of fact and law alone. (Art. 1333, Rev. Stats.). This can not serve the purpose intended by the entry of record required by the statute. In the case of Continental Ins. Co. v. Milliken (64 Texas, 46) it was held that if a party intends to have a case revised on the conclusions of fact and law found by the judge who tried the case, he should except to the conclusions and have his exceptions noted in the judgment entry, and that if no exceptions to the conclusions of law or judgment is noted, unless the failure to except be waived or not insisted on, the only inquiry will be whether the pleadings justify the judgment. The purposes of such entry of record are explained in the opinion. (Continental Ins. Co. v. Milliken, 64 Texas, 46; Voight v. Mackle, 71 Texas, 81; Tudor v. Hodges, 71 Texas, 395; Biggerstaff v. Murphy, 3 Texas Civ. App., 363, (21 S. W., 773); Wilkins v. Burns, 25 S. W., 432; Gillespie v. Crawford, 42 S. W., 625).

We have been unable to find any decision either of the Supreme Court or any of the Courts of Civil Appeals, which qualifies the principle laid down in Ins. Co. v. Milliken, above referred to, and we are constrained to accept it as an authoritative interpretation of the statute, in cases where there is neither statement of facts nor bills of exceptions in the record, and no exception to the judgment nor to the court's conclusions of fact and law was entered of record, as in the present case. That the judgment is authorized by the pleadings can not be questioned, and therefore, it must be affirmed, and it is so ordered.

*Affirmed.*