## NATIONAL LIVE STOCK COMMISSION CO. v. GOFF. (No. 11322.)

(Court of Civil Appeals of Texas. Fort Worth. Dec. 19, 1925.)

**1. Courts ⊜═91(1).**

Where opinions of Supreme Court and a Court of Civil Appeals differ, another Court of Civil Appeals will follow Supreme Court.

**2. Corporations ⊜═507(13)—Return of officer, reciting that he executed citation by serving on president of corporation a true copy, held insufficient as failing to state manner of service (Rev. St. 1925, art. 2034).**

Return of officer, reciting that he executed citation by serving on president of corporation a true copy, *held* insufficient under Rev. St. 1925, art. 2034; such statute requiring return to state manner of service.

**3. Appeal and error ⊜═672.**

Failure of sheriff's return to state manner of service on agent of corporation, as required by Rev. St. 1925, art. 2034, is fundamental error.

**4. Master and servant ⊜═80(4)—Complaint alleging defendant, in reducing salaries, promised later increase to normal, and did later increase all salaries except plaintiff's, held subject to general demurrer.**

Complaint alleging that, at time plaintiff's salary was reduced, officers of corporation advised him that, as soon as conditions warranted, all salaries would be increased to normal, but that all salaries except plaintiff's were increased to normal, and praying for difference between amount of salary before and after reduction, from time other salaries were increased, *held* subject to general demurrer.

Buck, J., dissenting in part.

Appeal from Tarrant County Court; H. O. Gossett, Judge.

Action by J. R. Goff against the National Live Stock Commission Company. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

Phillips, Trammell & Chizum and Evan S. McCord, all of Fort Worth, for appellant.

Julian C. Hyer and H. M. Harrington, both of Fort Worth, for appellee.

⊜═For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

BUCK, J. This is a case of a default judgment, and appellant relies, first, on a general demurrer; and, second, on the insufficiency of the officer's return of service on the citation. The second question will be first discussed.

The sheriff's return was as follows:

"Came to hand this the 12th day of May, 1924, at 10 o'clock a. m. and executed on the 12th day of May, A. D. 1924, by delivering to National Live Stock Commission Company, a corporation, by serving the president, A. F. Crowley, the within named defendants, each in person, a true copy of this citation. Carl Smith, Sheriff, Tarrant County, Texas., by G. M. White, Deputy."

In Continental Ins. Co. v. Milliken, 64 Tex. 46, the Supreme Court had essentially the same form of return before it for consideration, and in an opinion by Judge Stayton held the return bad. The opinion, in part, is as follows:

"The question in this case is, Must the return show that the officer delivered to the local agent a true copy of the citation, if service be made upon the local agent?

"The statute evidently requires that the true copy of the citation shall be delivered to the local agent if service be made upon him in the county in which the suit is brought, and it declares that 'the return of the officer executing the citation shall be indorsed on or attached to the same; it shall state when the citation was served, and the manner of service, conforming to the command of the writ, and shall be signed by him officially.' R. S. art. 1225.

"The word 'served,' as used in this connection, evidently means that the act required by law to acquire jurisdiction over the person of a party to a suit has been accomplished; and by the word 'service,' as used in this connection, is evidently meant the particular act of the officer by which the copy of the citation was communicated to the local agent.

"The manner of this service may be operative or not; and that it may be known whether the process by which jurisdiction over the person of a defendant is acquired has been properly executed, the statute requires that the 'manner of service' shall be stated in the return. In cases of this character, service of the citation, made on a local agent, is operative only when a true copy of the citation is delivered to him by a proper officer.

"The 'manner of service,' to be effective, must be by the officer delivering to such agent the true copy of the citation, and, as this alone, when service is made on the local agent, constitutes effective service, and within the meaning of the statute is the manner in which service must be made, the statute intends that the officer shall show by his return that he made the service on the agent in this method.

"To state that an officer executed process by serving it upon a named person is not to state the manner of service, but to give only the legal conclusion of the officer as to the compliance of his act with the requirements of the statute. It is to state no more than that he served process by serving it upon a particular person—the manner of service is left untold.

"The statute now in force differs in no essential respect from the former law declaring that the manner of service should be shown by the officer's return (P. D. art. 1507); and under that it was held, in many cases, that the return must show that the copy of the citation was delivered to the person on whom the writ directed service to be made. Graves v. Robertson, 32 [22] Tex. 131; Willie v. Thomas, 22 Tex. 175; Ryan v. Martin, 29 Tex. 412; Thomason v. Bishop, 24 Tex. 302.

"The statement in the return, that the citation was executed by the delivery to the corporation of a copy of the citation, could be made good only by showing proper service on the local agent, or in some other manner authorized by the statute. The court erred in overruling the motion or exception to the sheriff's return."

Article 2034 [1864—5], Rev. Civil Statutes 1925, provides:

"The return of the officer executing the citation shall be indorsed on or attached to the same; it shall state when the citation was served and the manner of service, conforming to the command of the writ, and be signed by him officially. * * *"

It is urged by appellee that the Supreme Court, in rendering the opinion in Insurance Co. v. Milliken, supra, followed the opinion in Graves v. Robertson, 22 Tex. 131, which was based upon article 811, Hart. Dig., reading:

"The return of the sheriff, or other officer, shall be made in writing, on the back of the process, or attached thereto, stating fully the time and manner of service; and shall be signed by him officially."

In the latter case, the court stressed the fact that the word "serving" did not state fully the manner of service, and seemed to have held the return insufficient solely by reason of this requirement of the statute. He urges that, inasmuch as the present statute does not specify that the officer shall state fully the time and manner of service, that the reasoning upon which the Graves v. Robertson Case was founded, and inferentially Insurance Co. v. Milliken, does not apply in the instant case. But we think that the Supreme Court did consider in the Milliken Case the changes made in the statute, and held that the statute then construed differed in no essential respect from the statute construed in Graves v. Robertson.

Appellee also relies on the definition given in the International Dictionary of the word "serve." In its relation to law, the word is defined as follows:

"To bring to notice, deliver, or execute actually or constructively, in such manner as the law requires; to put into effect; as, to serve a summons or process is to deliver it, or to read it so as to give due notice, or both, as required by law."

[1, 2] He also relies on M., K. & T. Ry. Co. v. Scoggin & Dupree, 123 S. W. 229, 57 Tex. Civ. App. 349. In each of the cases of Ins. Co. v. Milliken and M., K. & T. Ry. Co. v.

Scoggin & Dupree, and the instant case, the defendant was a corporation, and, as argued in M., K & T. Ry. Co. v. Scoggin & Dupree, the only way in which a corporation may be served with citation is by delivering the citation to its duly authorized agent, and that therefore the use of the expression, "delivered to the defendant in office," is not to be taken literally and thereby breed an absurdity, but, when considered in connection with the subsequent paragraph of the return, it was evidently intended to apply to the agent; but where the Supreme Court and a Court of Civil Appeals differ as to the construction of a statute, or upon any other question of law, we feel constrained to follow the Supreme Court, though we may appreciate the force of the argument in the decision of the Court of Civil Appeals. So far as we have been able to determine, the decision in Ins. Co. v. Milliken has not been overruled, and is now the law.

[3] Appellee also urges that in the instant case Crowley was the president of the defendant corporation, and that the petition refers to said Crowley as president, and that the return states the citation was executed by serving him. From an examination of the petition, we find that Crowley is named as president thereof at the time of the conference of the employees, officers, and members of the defendant corporation, which was alleged to be on March 1, 1921. The petition was filed May 10, 1924, over three years thereafter, and there is no allegation as to who was president at that time; but we think that the question as to who was president of the corporation at the time of the service is not material for our determination of the question of law presented. We sustain this assignment as presenting fundamental error.

[4] The petition is attacked as being subject to a general demurrer. The petition alleges:

'"(1) Plaintiff alleges that on or about March 1, 1921, plaintiff was in the employ of defendant company, which was at that time engaged in the general commission business with reference to live stock, in Fort Worth, Tex. Plaintiff was at that time employed on a salary of $200 per month, and had received the same for several months prior to said date.

"(2) Plaintiff alleges that on or about March 1, 1921, he was called in to a conference of the employees, officers, and managers of the defendant company, and the defendant company, acting by and through its duly authorized officers and agents, A. F. Crowley, president, W. B. Young, vice president, and J. B. Young, manager, did then and there advise all the employees and officers that salaries would be cut effective as of March 1, 1921, and that, as soon as conditions warranted it, all salaries would be put back to the normal rate, and that, when the other salaries were put back, this plaintiff's salary would be increased to normal; that this plaintiff was reduced in salary from $200 to $150, and, believing and relying upon the assurances of the officers of the corporation that as soon as the business warranted it the salaries would be increased to normal, continued to work at this reduced salary until April, 1922.

"(3) Plaintiff alleges that on April 1, 1922, the officers of the corporation hereinabove set out did, for and in behalf of the corporation and as the official act thereof, reinstate the other employees of the corporation who had been reduced in salary to their normal salary rate, and made the same effective as of March 1, 1922, but did refuse to reinstate the salary of this defendant to normal, and did continue him at $150 per month, continuously promising plaintiff that something would be done with reference to his salary, whereas the other employees, according to agreement, received their raise back to normal sums; that 5 or more employees were raised, as herein set out, but the defendant company, acting through its duly authorized president and officers, refused to restore the salary of this plaintiff to normal as agreed upon; that this defendant worked from the 1st day of March, 1922, until the 1st day of July, 1923, a period of 16 months, at the salary of $150, and frequently made demand upon the defendants for same, but the officers of defendant failed and refused to pay the same, and plaintiff would show that he is entitled to compensation at the rate of $50 per month for 16 months, as aforesaid, or the sum of $800, as agreed upon and contracted for. This sum, plaintiff would show, is past due and owing by the defendant corporation to this plaintiff."

Appellee admits that the petition is subject to a special demurrer, but insists that it is good as against a general demurrer. At least a majority of the court conclude that the petition is subject to a general demurrer. The writer is not satisfied that the petition is subject to a general demurrer, though he agrees that it is subject to special exceptions. Perhaps plaintiff below would have been limited in his recovery to the difference in the salary he received prior to March 1, 1921, and the salary he received thereafter, for one month, or up to the time when the defendants refused to restore his salary to $200 a month. Appellee urges that the defendant company was promising all the time "to do something" about the restoration of the salary, and that plaintiff had a right to rely on this as a promise that the corporation sooner or later would restore his salary in line with that of the other employees. The writer doubts whether, in view of the repeated allegation that the defendant company refused to restore the salary of the plaintiff to $200, although often requested so to do, the plaintiff would be entitled to recover more than the difference of the salaries for one month.

Judgment is reversed, and the cause is remanded.