## STANDARD ACC. INS. CO. v. EDWARDS.
.(No. 363.)

Court of Civil Appeals of Texas. Eastland. Nov. 18, 1927.

Rehearing Denied Jan. 6, 1928.

**1. Insurance ⊜⇒627(1)—Return showing citation and copy of petition were delivered to foreign insurance corporation's local agent was valid.**

.Officer's return of service which showed citation and certified copy of petition had been delivered to local agent of foreign insurance company was valid.

**2. Corporations ⊜⇒668(5) — Service on local agent of foreign corporation in county other than that in which suit was brought held valid (Rev. St. 1925, art. 2031).**

Where petition alleged that corporation was duly authorized to do business but did not show from what source it received its corporate powers and service was not made on local agent of county where suit was brought but on local agent in another county *held* under Rev. St. 1925, art. 2031, providing that foreign corporation may be served in county where it has local agent, that service was good where proof showed corporation was foreign corporation.

Error from District Court, Howard County; Fritz R. Smith, Judge.

Action by A. H. Edwards against the Standard Accident Insurance Company. Judgment for the plaintiff, defendant brings error. Affirmed.

Ed J. Hamner, of Sweetwater, for plaintiff in error.

F. S, Roberts, of Breckenridge, for defendant in error.

PANNILL, C. J. This is an appeal in the form of a writ of error from a default judgment rendered against plaintiff in error. The sufficiency of the service to support the judgment is the sole question raised, and in respect to that question two points are presented. The first is that the officer's return is insufficient to show service according to the requirements of the statute. The second is that the allegations of the petition constitute the suit a proceeding against a domestic cor-

1 S.W.(2d)—21

poration, and that service on a local agent of a domestic corporation, other than in the county where the suit is brought, is insufficient. The allegations of the petition with respect to the corporate existence of plaintiff in error are:

"That the Standard Accident Insurance Company is a corporation, duly authorized to do business and write workmen's compensation insurance in Texas, under the laws of Texas, and having and maintaining an office in the Kirby Building, Dallas, Tex., and having and maintaining an office in the City of Fort Worth, Tarrant county, Tex., with one George Beggs as general agent, in charge, upon whom service may be had herein."

The citation commanded the officer to serve plaintiff in error, Standard Accident Insurance Company, and nowhere instructed the officer upon what officer or agent to serve the same. The return of the officer to whom the citation was directed was as follows:

"Came to hand on the 22d day of January, 1927, at 9 o'clock a. m., and executed in Tarrant county, Tex., by delivering to each of the within named defendants, in person, a true copy of this citation (together with the accompanying certified copy of the plaintiff's petition) at the following times and places, to wit, Standard Accident Insurance Company, by delivering to George Beggs, its local agent, in Fort Worth 1/22/27, 11 a. m., City."

This was properly .signed by the officer.

It is strongly urged that this return is insufficient under the rule laid down and the decision made in Continental Insurance Co. v. Milliken, 64 Tex. 46, and National' Live Stock Com. Co. v. Goff (Tex. Civ. App.) 280 S. W. 856.

In the Milliken Case the return was:

"Came to hand the 14th day of June, A. D. 1884, at 10 o'clock a. m., and executed the 14th day of June, 1884, by delivering to the Continental Insurance Company by serving upon A. N. Grant in person, its local agent at Weatherford, Parker county, Tex., a true copy of this citation."

In this case it was thought that the word "served" did not show the manner of service as required by statute, and the use of the word "serving" only stated a legal conclusion as to the act of the officer in serving citation on the local agent, and that therefore the return was bad.

The officer's return under consideration in National Live Stock Com. Co. v. Goff was as follows:

"Came to hand this the 12th day of May, 1924, at 10 o'clock a. m., and executed on the 12th day of .May, A. D. 1924, by delivering to National Live Stock Commission Company, a corporation, by serving the president, A. F. Crowley, the within named defendants, each in person, a true copy of this citation."

The court held, and we think correctly, that the return was insufficient under the authority of Continental Ins. Co. v. Milliken, supra.

The sheriff's return, copied above and under consideration in this case, differs materially from those hereinabove set forth. The word "serving" is not used in showing the manner of service, but it is plainly stated that the writ and the accompanying petition was delivered to the defendant in person by delivering the same to its local agent. Plaintiff in error, however, insists that the record does not state the manner of delivery, and that therefore the Milliken Case is applicable here. A proper solution of the question presented depends upon whether the statement by the officer that he delivered it to the agent is a sufficient statement as to the manner of service. In other words, it would seem that, if an officer's return in a suit against an individual simply stating that the citation was executed by delivering it to the defendant, without using the words "in person," was a sufficient showing of service, then the one under consideration would be. It appears to have been clearly decided in this state that an officer's return, stating that service was had by delivery to the defendant, without adding the words "in person," is sufficient. This was first held in Hill v. Grant, 33 Tex. 132. The return of the officer was: "Executed" the 31st day of "March, 1859, by delivering to the defendant a true copy of this writ, together with the accompanying certified copy of petition." This was held to be sufficient, and judgment by default was sustained.

In the case of Johnson v. Barthold, 43 Tex. 556, the court had under consideration a return exactly like the one in Hill v. Grant, supra, and the decision was that the return was sufficient to support a judgment by default, although the words "in person" were omitted from the return. The last decision cited was followed in Brooks v. Powell (Tex. Civ. App.) 29 S. W. 809.

[1] If the service of citation upon an individual defendant is sufficiently shown by the statement of the officer that he had executed the same by delivering a true copy to the defendant, then evidently the return now under consideration is sufficient where it shows the citation was delivered in person to the corporation by delivering the same to its local agent. The conclusion has, therefore, been reached that the return is valid. M., K. & T. Ry. Co. v. Scoggin & Dupree, 57 Tex. Civ. App. 349, 123 S. W. 229.

[2] The second point is that the allegations copied above amount, in fact, to an allegation that the corporation sued was a domestic one, and that, inasmuch as under the law where service in a suit against a domestic corporation is had upon a local agent, it must be upon a local agent residing in the county where suit is brought, if the corporation has a local agent in such county, and that therefore the return showing the service on a local agent in Tarrant county was not sufficient. This insistence must be overruled.

In Water Works v. Kennedy, 70 Tex. 233, 8 S. W. 36, our Supreme Court held that, in a suit against a corporation, it was only necessary to allege that it was, in fact, a corporation, and that it was not necessary to allege whether the corporation was domestic or foreign, and that a special exception to a petition merely alleging that the defendant was a corporation without showing from what source it received its corporate powers was properly overruled. With this decision as a predicate, it seems that no presumption would be indulged as to the situs of the corporation, and that the validity of the service would depend upon whether service was had upon a proper representative as designated by statute, according to whether the corporation was, in fact, domestic or otherwise. In this case the proof showed that the corporation was a foreign corporation, and under the statute it was proper, of course, to serve the local agent, whether a resident in the county where the suit was pending or not. Revised Statutes 1925, art. 2031.

These observations lead to but one result, and that is, an affirmance of the judgment, which is ordered.