### TEXAS PIPE LINE CO. v. MILLER.
#### No. 1272.

Court of Civil Appeals of Texas. Eastland.
May 11, 1934.

Harrell & Allison, of Breckenridge, for appellant.

Lyndsay D. Hawkins, of Breckenridge, for appellee.

FUNDERBURK, Justice.

This case is here upon a writ of error by which the Texas Pipe Line Company seeks to have reviewed a judgment by default against it in the sum of $425, in favor of R. G. Miller. The plaintiff in error was alleged to be a corporation, whether foreign or domestic, not being alleged. It was further averred that said corporation had an agency and representative in Stephens county, Tex., and having "as its general agent, who resides in Stephens County, Texas, D. T. McIntosh, upon whom citation may be served." The record shows no answer by the defendant, no appearance, no waiver of the service of citation. The sheriff's return upon the citation appearing in the transcript recites so far as material, the following:

"Executed in Stephens County, Texas, by delivering to each of the within named defendants in person, a true copy of this citation (together with the accompanying copy of plaintiff's petition); at the following times and places, to-wit:

The only question presented is the sufficiency of the sheriff's return to support the judgment by default. The return recites that citation was delivered to "each of the within named defendants in person." Only one defendant was named in the citation, and that defendant was a corporation. Revised Statutes 1925, art. 2026, provides that the citation shall be served by the officer delivering to each defendant in person a true copy of the citation "unless it otherwise directs." Since the directions in a citation must be according to law, the exception provided in said article means the same as if it had said "unless the law otherwise directs." The law does "otherwise direct" when the defendant is a corporation. R. S. 1925, arts. 2029 and 2031. The law directs that service of citation upon a corporation shall be made by the officer delivering to the officer, representative, or agent of the corporation named in the statutes, in person, a true copy of the citation, or by leaving a copy of same at the principal office of the company during office hours. Revised Statutes 1925, art. 2034, requires that the officer's return state, among other things, "the manner of service."

The return of the sheriff in the instant case is insufficient to show jurisdiction of the court to render the judgment by default, because said return fails to state the manner of service. The officer's statement to the effect that he delivered a true copy of the citation to the defendant in person, if it be conceded that that were possible, is insufficient because the statutes require that service upon a corporation be made otherwise. The statement that the defendant corporation was served "by serving D. T. McIntosh," etc., is insufficient because it omits to state the manner of service. The statement that service was made by serving McIntosh, the agent, is the statement of a conclusion, and not the statement of the manner of service. Sun Mutual Ins. Co. v. Seeligson, 59 Tex. 3; Continental Ins. Co. v. Milliken, 64 Tex. 46; National Live Stock Commission Co. v. Goff (Tex. Civ. App.) 280 S. W. 856; Remington-

| Name | Date | | | Time | | | Place and Course | Mileage |
|---|---|---|---|---|---|---|---|---|
| | Month | Day | Year | Hour | Min | PM | and Distance from | Dols. Cts. |
| The Texas Pipe Line Company, in person, by serving D. T. McIntosh, its general agent and its local agent in person. | 6 | 19 | 1933 | 8 P | | | Court House" | |

Rand Business Service v. Angelo Printing Co. (Tex. Civ. App.) 31 S.W.(2d) 1098.

Because the record fails to show service upon the defendant, the judgment must be reversed and the cause remanded, which is so ordered.