## William Ryan v. Henry B. Martin.

The sheriff's return of service must show in what manner the process was served; in other words, that copies were delivered to the defendant in person. (Paschal's Dig., Arts. 1433, 5121, Notes 545, 1122.)

If the record merely shows that the defendant was served with process, without stating how, and judgment be rendered by default, the judgment will be reversed.

Error from Fort Bend. The case was tried before Hon. George W. Smith, one of the district judges.

Martin sued Ryan as acceptor of a bill of exchange. The service bore date and read, "and executed by serving William Ryan with a true copy of the writ and accompanying petition." There was leave for the sheriff to amend his return, not acted upon. The defendant entered no appearance, and there was judgment by default. (Paschal's Dig., Art. 1508, Note 594.)

The defendant prosecuted error.

No briefs were filed. The plaintiff suggested delay. The judgment was reversed, without any expression of opinion as to the effect, upon another trial, of the appearance to prosecute error.

Coke, J.—This case is submitted on a suggestion of delay. The defendant in the court below failed to appear, and judgment was rendered against him by default. Upon an inspection of the record, we find that the return of the sheriff upon the citation to the defendant shows an insufficient service, which is fatal to the judgment.

The return on the writ is in these words: "Received March 10th, 1859, and executed May the 23d, 1859, by serving William Ryan with a true copy of this writ and accompanying petition." It is well settled, by repeated adjudications of this court, that such a return, not showing the manner of service, is not in conformity to the requirements

of the statute, and is not a sufficient basis to support a judgment by default.

An order of court granting leave to the sheriff to amend his return appears in the record, but no amendment appears to have been made. If in fact the writ was served in the mode required by the statute, the facts constituting the service could have been distinctly stated in an amended return, under the leave granted, and the defective return would have been cured. Having declined or failed to pursue this course, the presumption arises, that a proper and correct return could not have been made consistent with the facts. However that may be, the return on the writ is manifestly and fatally defective; and, by reason of its insufficiency, the judgment is erroneous.

Judgment reversed, and cause remanded for further proceedings.

REVERSED AND REMANDED.