**HYLTIN–MANOR FUNERAL HOME, Inc., Appellant,**

v.

**Esta Dorothy HILL et vir, Appellees.**

**No. 13213.**

Court of Civil Appeals of Texas.

San Antonio.

July 17, 1957.

Tisinger & Sloan, Hart, Brown, Sparks & Erwin, Austin, for appellant.

George E. Bradfield, Chas. F. Nichols, San Antonio, for appellees.

W. O. MURRAY, Chief Justice.

This suit was instituted in the District Court of Kendall County by appellees, Esta Dorothy Hill and her husband, Roy Hill, Sr., against appellant, Hyltin-Manor Funeral Home, Inc., seeking to recover damages for personal injuries sustained by appellee Mrs. Hill as a result of the alleged negligence on the part of employees of appellant.

Judgment was by default in the sum of $19,330, and appellant has perfected an appeal to this Court by writ of error, as provided by Rule 359 et seq., Texas Rules of Civil Procedure. Two citations were issued in the cause, the first was dated July 2, 1956, and the second, September 24, 1956. Appellees concede that the sheriff's return upon the first citation was defective and would not support a default judgment.

The sheriff's return on the second citation was as follows:

"Came to hand on the 27th day of September, 1956, at 8:24 o'clock a. m., and executed in Austin, Travis County, Texas, by delivering to the within named defendants, to-wit: Hyltin-Manor Funeral Home, Inc., by serving Joe Manor, President, as agent for service, at 9:45 o'clock A.M., September 27, 1956; each, in person, a true copy of this citation with a true and correct copy of the petition attached thereto having first endorsed on such copy of said citation the date of delivery."

The return does not state that anything was delivered to Joe Manor. There is a conclusion that Joe Manor was "served." It does not show the manner of service; it might have been by reading the citation or by leaving a copy at his residence. Rule 106, T.R.C.P., provides that the citation, unless it otherwise directs, shall be served by the officer's delivering a true copy of the citation with a copy of the petition attached thereto. Rule 107, T.R.C.P., provides that the return of the officer executing the citation shall state when the citation was served and *"the manner of service."* The citation with the officer's return must be on file for a period of ten days before a default judgment can be taken.

There are many decisions holding that a return such as we have here will not warrant a default judgment. Graves v. Robertson, 22 Tex. 130; Sun Mutual Ins. Co. v. Seeligson & Co., 59 Tex. 3; Continental Ins. Co. v. Milliken, 64 Tex. 46; Harmon & Reid v. Quin, Tex.Civ.App., 258 S.W.2d 441; Woodall v. Lansford, Tex.Civ.App., 254 S.W.2d 540; Delgado v. Delgado, Tex. Civ.App., 253 S.W.2d 708; Texas Pipe Line Co. v. Miller, Tex.Civ.App., 71 S.W.2d 348; Remington-Rand Business Service, Inc., v. Angelo Printing Co., Tex.Civ.App., 31 S. W.2d 1098; Holcomb & Hoke Mfg. Co. v. Amason, Tex.Civ.App., 2 S.W.2d 360; National Live Stock Commission Co. v. Goff, Tex.Civ.App., 280 S.W. 856.

Rule 118, T.R.C.P., provides a method whereby a defective return may be corrected, but here no effort was made to correct the return.

Appellees contend that under the provisions of Rule 434, T.R.C.P., we should hold that the defective return in this case was harmless error. We do not agree. Where a judgment is granted by default the defendant does not have his day in court, and this harsh procedure should not be indulged in unless the sheriff's return shows that

there has been service in the manner re-quired by the rules.

The judgment is reversed and the cause remanded for trial. See Rule 123, T.R. C.P.