**PEOPLES FUNERAL SERVICE, INC.,**
**Appellant,**

v.

**Dee Nelson MALLARD et al., Appellees.**

No. 13620.

Court of Civil Appeals of Texas.

San Antonio.

June 29, 1960.

Rehearing Denied Aug. 1, 1960.

Fowler Roberts, Dallas, for appellant.

Bill Stephens, Bill Glenn, Dallas, for appellees.

MURRAY, Chief Justice.

This suit was instituted in the District Court of Dallas County by Dee Nelson Mallard et ux., against Richard Wright, Jr., and Peoples Funeral Home, alleging property damages and personal injuries to Dee Nelson Mallard and his wife as a result of the negligence of Richard Wright, Jr., who was alleged to be an agent of Peoples Funeral Home. Citation was issued on March 31, 1959, and was returned by the Constable on April 2, 1959. Thereafter, on the 29th day of April, 1959, default judgment was rendered in favor of Dee Nelson Mallard et ux., against Richard Wright, Jr., and Peoples Funeral Home in the sum of $2,250, from which judgment Peoples Funeral Service, Inc., has perfected this appeal by writ of error. The correct name of appellant seems to be as stated next above.

Appellant's first contention is that the court erred in rendering a default judgment against it because the officer's return on the citation was fatally defective as to it. There is no appeal by Richard Wright, Jr.

The pertinent part of the officer's return on the citation reads as follows:

"Executed at Dallas, Texas, within the County of Dallas, at ——— o'clock —M., on the 1st day of April, 1959, by delivering to the within named Richard Wright, Jr., at 2:30 o'clock P. M. and Peoples Funeral Home by serving their agent, C. F. Starks, Vice President at 10:00 o'clock A. M. defendants each, in person, a true copy of this Citation together with the accompanying copy of this petition, having first endorsed on same the date of delivery."

The return to all intents and purposes is the same as the return in Hyltin-Manor Funeral Home, Inc. v. Hill, 304 S.W.2d 469, a case decided by this Court on July 17, 1957. In that case we held that the return was fatally defective and insufficient to support a default judgment. We see no reason for not following that decision. What we said in that opinion applies with equal force here.

The judgment is reversed and the cause remanded for trial.