**T–P INVESTMENT CORPORATION
et al., Appellants,**

v.

**R. S. WINTER, Appellee.**

No. 4435.

Court of Civil Appeals of Texas.

Waco.

March 10, 1966.

Rehearing Denied March 31, 1966.

Guilford L. Jones, John W. Benson, Big Spring, for appellants.

Huggins, Vickery & McConnell, Houston, for appellee.

WILSON, Justice.

By writ of error defendants seek review of a default judgment. They made no effort in the trial court to have it vacated. We sever and reverse the judgment as to one defendant and affirm as to the others.

Plaintiff sued a corporate defendant for the purchase price of corporate stock. This defendant filed no answer. The sheriff's return on the citation recites a true copy of the citation with plaintiff's petition was delivered to defendant. A blank for the return contains no specific column for a showing of the manner of service, but provides a column for defendant's name, date, time and mileage. The blank was filled as follows: "Name, T. P. Investment Corp. Date, 12/18/64, 9:15 A.M. Mileage, 2."

Rule 107, Texas Rules of Civil Procedure, requires the officer's return on the citation to state "the manner of service." The Rule is derived from former Art. 2034, Revised Civil Statutes, 1925, the predecessor of which in 1884 contained the same requirement. Under that provision the Supreme Court held: "To state that an officer executed process by serving it upon a named person is not to state the manner of service, but to give only the legal conclusion of the officer as to the compliance of his act with the requirements of the statute. It is to state no more than that he served the process by serving it upon a particular person, —the manner of service is left untold." Continental Ins. Co. v. Milliken, (1885) 64 Tex. 46, 47.

In 1858 the Supreme Court thought it "necessary to lay the axe to the root of the evil and refuse any longer to recognize any return that does not show a compliance with the requirements of the statutes" in a direct attack on a default judgment. Graves v. Robertson, 22 Tex. 130, 132. It was said that the Court would in the future insist "upon a strict compliance with the pro-visions" of the statute requiring the return to "state the manner of service," and would not leave that manner "to be inferred." See also Underhill v. Lockett (1857) 20 Tex. 130 (131).

■ Presumptions as to validity of service based on recitals in the judgment do not obtain on direct attack. Flynt v. City of Kingsville, 125 Tex. 510, 82 S.W.2d 934.

■ The return will not support a default judgment under a direct attack. Ryan v. Martin (1867), 29 Tex. 412; Sun Mutual Ins. Co. v. Seeligson & Co., (1883), 59 Tex. 3, 7; Texaco, Inc. v. McEwen, Tex.Civ. App., 356 S.W.2d 809, 813; Hyltin-Manor Funeral Home v. Hill, Tex.Civ.App., 304 S.W.2d 469, 470.

The petition alleges an entirely different cause of action for a partnership accounting against two individual defendants. The complaints as to the default judgment against them are that the pleadings and evidence are legally insufficient to support a default judgment, and that they have been provided with a narrative, not a question and answer statement of facts. There is no error preserved or record perfected in the trial court sufficient to raise the latter point.

The petition alleged that in 1963 plaintiff entered into an insurance agency partnership agreement with these individual defendants, under which he was entitled to 30% of the net profits accruing from January 1 to May 31, 1964; that he withdrew from the partnership in 1964, and defendants have refused to pay him anything or render an accounting. He prayed judgment for accounting and sums to which he was entitled thereunder. Defendants say the pleading is inadequate because it does not allege with sufficient certainty the amount sued for under the opinion in Kimmarle v. Houston & T. C. Railway Co. (1889) 76 Tex. 686, 12 S.W. 698. Appellant urges also a Court of Civil Appeals opinion in which the majority concurred only in the result.

■ It is not necessary that the pleading allege evidentiary facts or be "technically sufficient to state a cause of action in order to sustain a default," if it does "not show affirmatively that the plaintiff had no cause of action." Edwards Feed Mill v. Johnson, 158 Tex. 313, 311 S.W.2d 232, 234.

■ The very nature of the prayer for accounting made it unnecessary for plaintiff to allege a certain and specific amount of damages or sum due, because the amount is ordinarily uncertain at the time of pleading. Samuels v. Finkelstein, Tex.Civ.App., 25 S.W.2d 923, 926, writ dism.; Baca v. Weldon, Tex.Civ.App., 230 S.W.2d 552, 557, writ ref. n. r. e.; 1 Tex.Jur.2d, Accounts and Accounting, 353; 1 Am.Jur.2d, Accounts and Accounting, 434; 1 C.J.S. Accounting § 38, p. 671. The pleading was sufficient to support the default.

■ It is said that the only evidence offered at the hearing on default judgment is hearsay, and consequently there is no evidence to sustain the judgment as to the amount of profits earned. The argument is, however, that there is no predicate laid which would show plaintiff's qualification to testify, and the evidence offered is not the best evidence. There is nothing in the record to show the evidence is hearsay. In a direct attack by writ of error "the question to be decided is whether there is a lack of jurisdiction apparent on the face of the record which would vitiate the trial court's judgment. McKanna v. Edgar, Tex.Sup. (1965) 388 S.W.2d 927, 928. Defendants' complaints concerning these other objections to which the evidence might have been subject are not within this category.

The points of the individual defendants are overruled and the judgment as to them is affirmed. Two-thirds of the costs on writ of error are taxed against them. The judgment against the corporate defendant is severed and is reversed, and the cause as to it is remanded. One-third of the costs are taxed against plaintiff.