**DIAMOND CHEMICAL COMPANY, Inc.,**
**Appellant,**

v.

**SONOCO PRODUCTS COMPANY, Appellee.**

**No. 443.**

Court of Civil Appeals of Texas.

Corpus Christi.

Dec. 31, 1968.

William E. York, McAllen, for appellant.

Sid L. Hardin, Edinburg, for appellee.

OPINION

SHARPE, Justice.

This suit was instituted in the district court of Hidalgo County, Texas, by appellee, Sonoco Products Company, a corporation, against appellant, Diamond Chemical Corporation, Inc., seeking recovery upon a sworn account in the amount of $4563.76, with attorney's fees of $500.00, interest and costs. Judgment by default was rendered against appellant in the amounts prayed for with interest on the account from January 1, 1967, and on the attorney's fees from date of judgment. Appellant did not participate in the trial below, and did not attempt a regular appeal but has perfected an appeal to this Court by writ of error. See Articles 2249, 2249a, 2255, Vernon's Ann.Civ.St.; Rules 359–363, Texas Rules of Civil Procedure.

Two citations were issued in the case, the first dated September 14, 1967, and the second dated November 16, 1967. The sheriff's return on the first citation did not show service upon appellant and stated "un-

able to locate in Hidalgo County, Texas". The sheriff's return on the second citation insofar as here pertinent reads as follows:

"Came to hand on the 18 day of Nov. 1967, at 8 o'clock A.M., and executed in Midland County, Texas, by delivering to each of the within named defendants, in person, a true copy of this Citation upon which copy I endorsed the date of delivery to said defendant, together with the accompanying copy of the plaintiff's petition, at the following times and places, to-wit: Diamond Chemical Co., Inc. By serving: Burton B Jones 11–20–67 8.10 A.M."

Appellant's single point of error reads as follows:

"The Trial Court erred in granting default judgment against Appellant because the sheriff's return does not show 'the manner of service', as required by Rule 107, T.R.C.P."

This point must be sustained. The case of Hyltin-Manor Funeral Home, Inc. v. Hill, 304 S.W.2d 469 (Tex.Civ.App., San Antonio 1957, n. w. h.) is squarely in point. That decision was followed and the only authority cited in Peoples Funeral Service, Inc. v. Mallard, 337 S.W.2d 476 (Tex.Civ. App., San Antonio, 1960, writ refused). The Hyltin-Manor case reiterates the rule announced in a long line of cases that a sheriff's return such as we have here will not support a default judgment because it does not show "the manner of service." See also T-P Investment Corporation v. Winter, 400 S.W.2d 957 (Tex.Civ.App., Waco, 1966, wr. dism.). There is no effort shown here to correct the return in accordance with the method provided by Rule 118, T.R.C.P. The error is not harmless under Rule 434, T.R.C.P. as contended by appellee. Hyltin-Manor Funeral Home, Inc. v. Hill, supra.

Appellee contends that compliance by appellee and the clerk of the trial court with Rule 239a, T.R.C.P., effective January 1, 1967, providing for notice of default judgment to the party against whom it is rendered, gave adequate notice and opportunity to appellant to file a motion in the trial court to set the judgment aside, which appellant failed to do and thereby waived strict compliance with Rule 107, T.R.C.P. We overrule this contention. Notice under Rule 239a cannot validate a default judgment rendered upon a citation with a defective sheriff's return such as we have here. Appellant did not participate in the trial below and was entitled to directly attack the default judgment by writ of error proceeding under the Statutes, Rules and cases hereinabove cited.

The judgment is reversed and the cause remanded for trial. See Rule 123, T.R.C.P.