**WATSON VAN & STORAGE COMPANY,**
Appellant,

v.

**Alvin R. BUSSE, Appellee.**

No. 15604.

Court of Civil Appeals of Texas,
Houston (1st Dist.).

Feb. 26, 1970.

Bracewell & Patterson, Ronald C. Kline, Houston, for appellant.

Kamp, Laswell & Howard, Donald H. Zwernemann, Houston, for appellee.

COLEMAN, Justice.

This is a petition for a writ of error to set aside a default judgment for the reason that the record does not affirmatively show that appellant was properly served with citation in compliance with Article 2.11 of the Texas Business Corporation Act, V.A.T.S.

Section 2.11, subd. A of the Texas Business Corporation Act provides: "The president and all vice presidents of the Corporation and the registered agent of the Corporation shall be agents of such Corporation upon whom any process, notice, or demand required or permitted by law to be served upon the Corporation may be served."

Rule 107 of the Texas Rules of Civil Procedure provides:

"The return of the officer executing the citation shall be indorsed on or attached to the same; it shall state when the citation was served and the manner of service, and shall certify that a true copy of the citation with the accompanying copy of the petition was delivered to the defendant, and be signed by him officially. When the citation has not been served, the return shall show the diligence used by the officer to execute the same and the cause of failure to execute it, and where the defendant is to be found, if he can ascertain. No default judgment shall be granted in any cause until the citation, with the officer's return thereon, shall have been on file with the clerk of the court ten days, exclusive of the day of filing and the day of judgment."

The return on the citation filed May 15, 1969 signed by Jack Parker for and in behalf of Walter H. Rankin, Constable, Precinct No. 1, Harris County, Texas, reads:

"Came to hand on the 13th day of May, A. D., 1969 at 12:00 o'clock p. m. and executed in ＿＿＿＿＿＿＿＿ County, Texas by delivering to each of the within named defendants in person a true copy of this citation, together with the accompanying copy of Plaintiff's Original Petition, at the following times and place, to-wit: Watson Van & Storage Company, 5/13/69, 12:45 p. m., 7019 Katy Road by serving Mr. Bennett Watson."

■■■ Appellant's point of error must be sustained. While the Constable's return states that the citation was "executed" by "delivering" to "each of the within named defendants in person a true copy of this citation, together with the accompanying copy of Plaintiff's Original Petition," it qualifies this recitation by adding: "at the following times and place, to-wit: Watson Van & Storage Company, 5/13/69, 12:45 p. m., 7019 Katy Road by serving Mr. Bennett Watson." Despite the recitation of a delivery of the citation and petition, it is settled that the qualifying words, "by serving," render the return defective for failure to state the manner of service, as now required by Rule 107, T.R.C.P., in that such term is merely a legal conclusion. Peoples Funeral Service, Inc. v. Mallard, 337 S.W.2d 476 (Tex.Civ.App.—San Antonio 1960, writ ref.); Diamond Chemical Company, Inc. v. Sonoco Products Company, 437 S.W.2d 307 (Tex.Civ.App.—Corpus Christi 1968); T–P Investment Corporation v. Winter, 400 S.W.2d 957 (Tex. Civ.App.—Waco 1966, writ dism'd); Hyltin-Manor Funeral Home, Inc. v. Hill, 304 S.W.2d 469 (Tex.Civ.App.—San Antonio 1957).

The judgment is reversed and the cause is remanded for trial. Rule 123, T.R.C.P.

Reversed and remanded.