## COX MARKETING, INC. and Taco Villa, Inc., Appellants,

v.

## Pete ADAMS, Appellee.

### No. 08-84-00397-CV.

Court of Appeals of Texas, El Paso.

March 13, 1985.

Cynthia McKeehan, Fred M. "Mickey" Jones, P.C., Odessa, for appellants.

Michael Lockwood, Evans & Lockwood, Midland, for appellee.

Before STEPHEN F. PRESLAR, C.J., and WARD and OSBORN, JJ.

## OPINION

OSBORN, Justice.

The Appellants appeal by writ of error from a default judgment in a garnishment case. We conclude that the citations will not support a default judgment, and the judgment of the trial court is reversed and the case remanded for trial.

Pete Adams filed an Application for Writ of Garnishment in the 142nd Judicial District Court on July 30, 1984. He alleged that on August 22, 1983, he had recovered judgment against Rick Dougherty for the sum of $17,064.70. He also alleged that he had reason to believe the two garnishees were indebted to Mr. Dougherty. The Application stated that the garnishee, Cox Marketing, Inc., is a Texas corporation and service could be had upon it by serving Bobby Cox, 810 North Dixie, Odessa, Texas. The Application also stated that the garnishee, Taco Villa, Inc., is a Delaware corporation authorized to do business in Texas and service could be had upon it by serving its registered agent, Bobby D. Cox, 212 Pilot Road, Midland, Texas.

One citation was issued to "COX MARKETING, INC. by serving BOBBY COX 810 NORTH DIXIE, ODESSA, TEXAS" and it has a return showing it was executed "by delivering to the within named Garnishee Cox Marketing, Inc. by s/Bobby Cox in person" on August 10, 1984. Another citation was issued to "TACO VILLA, INC. BY SERVING ITS REGISTERED AGENT, BOBBY D. COX 212 PILOT ROAD, POST OFFICE BOX 6504, MIDLAND, TX" and it has a return showing it was executed "by delivering to the within named Garnishee Taco Villa by serving Bobby Cox in person" on August 10, 1984. A default judgment was entered against each garnishee

on September 5, 1984, for the sum of $13,-873.86 plus interest and costs. The two garnishees filed a petition for writ of error on November 1, 1984, and a supplemental petition on November 28, 1984.

■ The first three points of error assert the trial court erred in entering judgment without proper service. We conclude that the citation served upon Cox Marketing, Inc. will not support a default judgment. To uphold such a judgment against an attack based upon a claim of invalid service of process, it is essential that the record affirmatively show a strict compliance with the provided manner and mode of service of process. *Texas Inspection Services, Inc. v. Melville*, 616 S.W.2d 253 (Tex.Civ.App.—Houston [1st Dist.] 1981, no writ); *Charles Cohen, Inc. v. Adams*, 516 S.W.2d 464 (Tex.Civ.App.—Tyler 1974, no writ).

■ The Texas Business Corporation Act in Article 2.11 provides for service of process upon the president and all vice presidents of the corporation and the registered agent of the corporation, and if there is no registered agent then process may be served upon the Secretary of State. In order to meet these requirements, it is necessary that the record reflect that the person to be served is the president, a vice president or the registered agent of the defendant corporation. *Pipe Line Park Properties, Inc. v. Fraser*, 398 S.W.2d 154 (Tex.Civ.App.—Dallas 1965, no writ). In this case, neither the pleading nor the citation recites that Bobby Cox was a person designated by the statute as a person upon whom process could be served. Such a pleading and citation will not support a default judgment. *Charles Cohen, Inc. v. Adams*, supra; *Ponca Wholesale Mercantile Company v. Alley*, 378 S.W.2d 129 (Tex.Civ.App.—Amarillo 1964, writ ref'd n.r.e.).

■ The Appellee argues that the cost bond and the supersedeas bond filed by Cox Marketing, Inc. on November 1, 1984, show "Bobby D. Cox, President" as the person signing for the corporation and his

capacity as president. These bonds were not before the court when the default judgment was signed and were not matters of record which could be used to show the validity of the citation. Neither can we consider them in determining the sufficiency of the citation. *Tankard-Smith, Inc. General Contractors v. Thursby*, 663 S.W.2d 473 (Tex.App.—Houston [14th Dist.] 1983, writ dism'd). But, in any event, the bond only reflects the position of Bobby D. Cox on November 1, 1984, when he signed the bond and is not proof that he occupied that position when citation was served in August, 1984. Point of Error No. One is sustained.

■ We turn next to the citation served on Taco Villa, Inc. The pleading alleged that the foreign corporation could be cited by serving process on its registered agent, Bobby D. Cox. The citation was directed to "TACO VILLA, INC. BY SERVING ITS REGISTERED AGENT, BOBBY D. COX * * *." The return recites service on Bobby Cox. The Texas Business Corporation Act, art. 8.10, authorizes service of process upon the registered agent of a foreign corporation. When the petition alleges and the citation states the name of the corporation and its registered agent and the return shows service on the defendant through the named individual, no extrinsic evidence of the agent's authority is required unless the issue is raised by an affidavit or a motion to quash which questions such authority. 4 McDonald, Texas Civil Practice sec. 17.23.2 (1984). Appellant's contention in this regard is without merit.

■ But, the second argument is valid. Appellant contends a return on a citation which only reflects an agent was "served" will not support a default judgment. We agree. Rule 107, Tex.R.Civ.P., requires that the return of the executing officer state "the manner of service." A recitation that the agent "was served" states only a conclusion as to service being perfected and does not show the manner of service. In *Hyltin-Manor Funeral Home v. Hill*, 304 S.W.2d 469 (Tex.Civ.App.—San Antonio 1957, no writ), the court held that a return reciting "by serving Joe Manor, President" did not reflect the manner of service and reversed a default judgment. The same results were reached in *Watson Van & Storage Company v. Busse*, 451 S.W.2d 557 (Tex.Civ.App.—Houston [1st Dist.] 1970, no writ) where the return recited service upon a corporate defendant "by serving Mr. Bennett Watson." The court said:

[I]t is settled that the qualifying words, "by serving," render the return defective for failure to state the manner of service, as now required by Rule 107, T.R.C.P., in that such term is merely a legal conclusion.

*Jacksboro National Bank v. Signal Oil and Gas Company*, 482 S.W.2d 339 (Tex. Civ.App.—Tyler 1972, no writ) involved service on a garnishee just as in this case. The sheriff's return on the writ of garnishment recited "by delivering the within named Garnishee, Jacksboro National Bank, by serving S.V. Stark, in person, a true copy of this writ." The court quoting from the decision in *Continental Insurance Co. v. Milliken*, 64 Tex. 46 (1885) concluded that such a return only gives a legal conclusion of the officer and does not state the manner of service.

Appellee relies upon *Hudler-Tye Construction, Inc. v. Pettijohn & Pettijohn Plumbing, Inc.*, 632 S.W.2d 219 (Tex.App.—Fort Worth 1982, no writ). That case is not applicable. There the court said the return did comply with Rule 107. We sustain Point of Error No. Two. It is not necessary to consider the other points of error which relate to the pleadings and the evidence.

The judgment of the trial court is reversed and the case is remanded for a new trial.