**REVERSE and REMAND; and Opinion Filed August 22, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-13-00890-CV

### U.S. BANK, N.A., Appellant

### V.

### PINKERTON CONSULTING AND INVESTIGATIONS, Appellee

**On Appeal from the 68th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. 12-12926**

## MEMORANDUM OPINION
Before Justices Bridges, Francis, and Lang-Miers
Opinion by Justice Lang-Miers

Appellant U.S. Bank, N.A. filed this restricted appeal challenging the trial court's entry of a no-answer default judgment in a garnishment proceeding in favor of appellee Pinkerton Consulting and Investigations. In two issues, U.S. Bank argues that fatal defects in the sheriff's return mandate reversal of the default judgment and that the trial court's award of $350,846.35 in damages requires reversal because the award does not meet the requirements of finance code section 276.002(c) governing garnishment of an account at a financial institution. Because all dispositive issues are settled in law, we issue this memorandum opinion. TEX. R. APP. P. 47.2(a), 47.4. We reverse the trial court's default judgment and remand this case for further proceedings.

BACKGROUND

After Pinkerton obtained a judgment against Kelly Hiser, Pinkerton filed an application for writ of garnishment against U.S. Bank to collect on Pinkerton's judgment against Hiser. A Dallas County deputy district clerk issued a writ of garnishment and the sheriff's return executed the following day read:

> Came to hand on the 9 Day of NOV, 2012 at 2:26 o'clock PM Executed by Dallas County Deputy Sheriff at 11:40 o'clock AM On the 9 Day of NOV, 2012 By Serving U.S. Bank, N.A. ; its registered agent CT Corporation Systems at 350 N ST Paul st #2900 Dallas, Tx 75201 serving Maria Garcia sr corporate operation specialist service process.

After U.S. Bank did not file an answer or otherwise appear in the court proceedings, Pinkerton filed a motion for default judgment. The trial court entered an interlocutory judgment, finding "that citation was served according to law and returned to the clerk where it remained on file for the time required by law" and concluding "that U.S. Bank has defaulted and that plaintiff is entitled to judgment as to liability as provided by law." Three weeks later, the court entered judgment against U.S. Bank, again finding "that citation was served according to law" on U.S. Bank and awarding damages of $350,846.35 with interest and costs to Pinkerton. Almost four months later, U.S. Bank filed a notice of restricted appeal.

## STANDARD OF REVIEW AND APPLICABLE LAW

A restricted appeal is a direct attack on the trial court's judgment. *Rone Eng'g Serv., Ltd. v. Culberson*, 317 S.W.3d 506, 508 (Tex. App.—Dallas 2010, no pet.). A restricted appeal must (1) be brought within six months after the trial court signs the judgment, (2) by a party to the suit, (3) who did not participate in the actual trial, and (4) the error complained of must be apparent on the face of the record. *Id.*; *see also* TEX. R. APP. P. 26.1(c), 30. In a restricted appeal, our review is limited to error that appears on the face of the record and there are no presumptions in favor of valid issuance, service, and return of citation. *Fid. & Guar. Ins. Co. v.*

*Drewery Constr. Co.*, 186 S.W.3d 571, 573 (Tex. 2006) (per curiam). For a default judgment to withstand direct attack, strict compliance with the rules governing service of process must affirmatively appear on the face of the record. *Rone*, 317 S.W.3d at 508; *see Wilson v. Dunn*, 800 S.W.2d 833, 836 (Tex. 1990). If the record does not show strict compliance with the rules of civil procedure concerning issuance, service, and return of citation, attempted service of process is invalid and of no effect, the trial court does not acquire personal jurisdiction over the defendant, and the default judgment is void. *Rone*, 317 S.W.3d at 508; *see generally* TEX. R. CIV. P. 124.

Under rule of civil procedure 663, a sheriff receiving a writ of garnishment "shall make return thereof as of other citations." TEX. R. CIV. P. 663. Rule of civil procedure 107 provides the general rule for return of service and requires that "[t]he officer or authorized person executing the citation must complete a return of service." TEX. R. CIV. P. 107(a). "The return, together with any document to which it is attached, must include[,]" among other information, "a description of what was served" and "the manner of delivery of service or attempted service[.]" TEX. R. CIV. P. 107(b).

### SUFFICIENCY OF SHERIFF'S RETURN: MANNER OF SERVICE

U.S. Bank argues that the sheriff's return that Pinkerton relies upon to establish proper service "suffers from fatal deficiencies that mandate reversal of the judgment" because the sheriff's return does not describe (1) the manner of service or (2) what was being served as required by rule of civil procedure 107(b). *See* TEX. R. CIV. P. 107(b). With respect to the manner of service, U.S. Bank contends that the statement on the sheriff's return that it was "served" is "fatally deficient" because it does not indicate the manner of service. U.S. Bank argues that the return "simply mak[es] a legal conclusion that U.S. Bank was 'served'" but

provides "no description as to the manner of service" and, as a result, the trial court never obtained personal jurisdiction over U.S. Bank.

Pinkerton, however, contends that the sheriff's return, together with attached documents, adequately describes the manner of service and, as a result, was sufficient "under modern jurisprudence to support the default judgment[.]" Pinkerton argues that (1) case law supports its position and (2) the sheriff's return indicates that it was hand delivered.

**Case Law Argument**

According to Pinkerton, U.S. Bank "relies on archaic case law" to contend that "magic language" is required for effective return of service. Pinkerton argues that the cases that U.S. Bank cites "for the proposition that stating a defendant is served is not sufficient to state the manner of service" are "inapposite to the facts at hand" because—as discussed in Pinkerton's second argument below—"the Sheriff's return specifies hand delivery of the executed writ of application and citation." Pinkerton also argues that many of the cases U.S. Bank cites "are easily distinguishable for other reasons" because they concerned subjects such as discrepancies in a return served by substituted service, *Dolly v. Aethos Commc'ns Sys., Inc.*, 10 S.W.3d 384, 388–89 (Tex. App.—Dallas 2000, no pet.), and the failure of a sheriff's return to identify the person served as an officer or agent of a corporation, *Jacksboro Nat'l Bank v. Signal Oil & Gas Co.*, 482 S.W.2d 339, 340–41 (Tex. Civ. App.—Tyler 1972, no writ). In addition, Pinkerton contends that "[c]ourts uphold default judgments even when there are defects in the return."

In reply, U.S Bank asserts that Pinkerton "misinterprets the import" of cases it cites concerning "[c]urrent legal standards for service of process" and for the proposition that courts uphold default judgments even where the return had defects.

We agree with U.S. Bank. The return states that the sheriff's deputy executed the return "[b]y serving" U.S. Bank by "serving" its corporate representative. "A recitation that the agent

–4–

'was served' states only a conclusion as to service being perfected and does not show the manner of service." *Cox Mktg., Inc. v. Adams*, 688 S.W.2d 215, 218 (Tex. App.—El Paso 1985, no writ); *see Watson Van & Storage Co. v. Busse*, 451 S.W.2d 557, 558 (Tex. Civ. App.—Houston [1st Dist.] 1970, no writ) ("[I]t is settled that the qualifying words, 'by serving,' render the return defective for failure to state the manner of service, as now required by Rule 107, T.R.C.P., in that such term is merely a legal conclusion."); *Hyltin-Manor Funeral Home, Inc. v. Hill*, 304 S.W.2d 469, 470 (Tex. Civ. App.—San Antonio 1957, no writ) (reversing a default judgment and concluding that a sheriff's return "does not show the manner of service" and instead stated "a conclusion that [a corporate agent] was 'served'"). Because the return does not state the manner of service, it does not strictly comply with rule of civil procedure 107, which requires that the officer's return state "the manner of delivery of service[.]" *See* TEX. R. CIV. P. 107(b)(8).

The three cases that Pinkerton cites as authority for the proposition that "[c]ourts uphold default judgments even when there are defects in the return" do not apply. In *Faaborg v. Allcorn*, No. 11-05-00365-CV, 2006 WL 3238241, at *2 (Tex. App.—Eastland Nov. 9, 2006, no pet.) (mem. op.), the court concluded that a return of service that stated the street, block, and an abbreviated name of the county was sufficient because it adequately stated the place of service as required by the rules of civil procedure.[1] But here, the issue is not the adequacy of the description of the manner of service. Rather, the return in this case does not include any description of the manner of service. In addition, Pinkerton quotes *Faaborg* for the proposition that "[s]trict compliance does not mean 'obeisance to the minutest detail.'" *Id.* at *1 (quoting *Ortiz v. Avante Villa at Corpus Christi, Inc.*, 926 S.W.2d 608, 613 (Tex. App.—Corpus Christi 1996, writ denied)). But *Ortiz* follows that quote with the statement that "[e]rrors such as

---

[1] Pinkerton follows its citation to *Faaborg* with a parenthetical stating "upholding default judgment even though the court was not identified—appellate court applied presumption that identi[t]y of court was implied[.]" That issue in *Faaborg* concerned the sufficiency of a citation, not the sufficiency of a return.

mistaken capitalization in the defendant's name and spelling errors too minor to raise any doubt that the correct person was served are insufficient to invalidate service." *Ortiz*, 926 S.W.2d at 613. The error in this case is not a minor error of capitalization or spelling but of omission of a required element of the sheriff's return. Lastly, the court in *Herbert v. Greater Gulf Coast Enterprises, Inc.*, 915 S.W.2d 866, 871 (Tex. App.—Houston [1st Dist.] 1995, no writ), overruled the appellant's argument that an affidavit attached to an officer's return was defective because it referred to a complaint when the pleading was entitled a petition. Here, the error is an omission rather than a misnomer.

In addition, Pinkerton relies upon *Jamison v. National Loan Investors, L.P.*, 4 S.W.3d 465, 469 (Tex. App.—Houston [1st Dist.] 1999, pet. denied), for the proposition that "parties do not control the manner in which the constable performs his duties as prescribed by the Texas Constitution and Legislature." But *Jamison* considered whether a constable was acting as the garnishor's agent in a wrongful garnishment claim, an issue not before us.

Lastly, although Pinkerton argues that the cases that U.S. Bank cites are "inapposite[,]" Pinkerton does not refute U.S. Bank's central premise—nor does it refute that various authorities cited by U.S. Bank support the premise—that the statement in a sheriff's return that a party is "served" does not satisfy the requirement that the return state the manner of service. *See, e.g.*, *Cox*, 688 S.W.2d at 218; *Hyltin-Manor*, 304 S.W.2d at 470. Instead, it argues that the sheriff's return in this case "specifies hand delivery[.]"

**"Came to Hand" Argument**

Pinkerton argues that (1) "it is beyond dispute" that the application for writ of garnishment identifies CT Corporation as U.S. Bank's registered agent and (2) "the Sheriff's Return specifically indicates that the Sheriff's deputy hand delivered ('came to hand') the executed writ of garnishment on Ms. Maria Garcia, a senior corporate operation specialist of CT

Corporation, as opposed to reflecting some other mode of service, such as service by certified mail." Pinkerton contends that, as a result, the sheriff's return "sufficiently identifies the manner of service of process[.]" But Pinkerton does not cite any authority supporting its contention that the phrase "came to hand" indicates that the documents were hand delivered to U.S. Bank's registered agent. And, in reply, U.S. Bank contends that the statement "came to hand" in the sheriff's return does not establish that the documents were hand delivered and that, instead, "came to hand" indicates "that the Sheriff's deputy received the process documents."

We conclude that the sheriff's return does not state the manner of service as required by rule of civil procedure 107 and that error appears on the face of the record and the service was void and of no effect. Consequently, the trial court did not have personal jurisdiction over U.S. Bank and erred in entering default judgment.

We sustain U.S. Bank's first issue. Because we decide in favor of U.S. Bank on its first issue, it is not necessary for us to address its second issue. TEX. R. APP. P. 47.1.

## CONCLUSION

We reverse the trial court's default judgment and remand this case for further proceedings. No new service of process is necessary. *See* TEX. R. CIV. P. 123.

/Elizabeth Lang-Miers/
ELIZABETH LANG-MIERS
JUSTICE

130890F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

U.S. BANK, N.A., Appellant

No. 05-13-00890-CV        V.

PINKERTON CONSULTING AND
INVESTIGATIONS, Appellee

On Appeal from the 68th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. 12-12926.
Opinion delivered by Justice Lang-Miers,
Justices Bridges and Francis participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **REVERSED** and this cause is **REMANDED** to the trial court for further proceedings consistent with this opinion.

It is **ORDERED** that appellant U.S. BANK, N.A. recover its costs of this appeal from appellee PINKERTON CONSULTING AND INVESTIGATIONS.

Judgment entered this 22nd day of August, 2014.