

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| CAMOCO, LLC, D/B/A PRT STAFFING-EL PASO, | § | No. 08-17-00029-CV |
| Appellant, | § | Appeal from the |
| v. | § | 171st District Court |
| JORGE TERRAZAS, | § | of El Paso County, Texas |
| Appellee. | § | (TC#2016-DCV2502) |
| | § | |

## **O P I N I O N**

Camoco, LLC brings this restricted appeal, contending the trial court erred in granting a default judgment against it for a retaliatory firing. In three issues, Camoco argues: (1) default judgment was improper because the return of citation did not strictly comply with Texas Rules of Civil Procedure 107(b)(8) in that the return failed to identify the manner of delivery of service; (2) the default judgment should be reversed due to the clerk's failure to immediately notify Camoco of the rendition of judgment, as required by Texas Rules of Civil Procedure 306a(3); and (3) the vague testimony of Appellee Terrazas was legally and factually insufficient to prove causation and damages. Finding Camoco's second issue meritorious, we reverse and remand to the trial court for further proceedings.

## **BACKGROUND**

Jorge Terrazas filed suit against his former employer, Camoco, LLC d/b/a PRT Staffing - El Paso, alleging he had been fired in retaliation for filing a workers' compensation claim in violation of Section 451.001 of the Texas Labor Code. According to the return of citation, Camoco was served on July 26, 2016 "by delivering" to one Jason Casey at the address of its registered agent, Incorp Services Inc., in Austin, TX. Camoco did not answer the suit. Terraza moved for default judgment and the trial court conducted a hearing on the motion a few months later.

At the hearing, Terrazas testified he had suffered an on-the-job injury while working for Camoco. He claimed Camoco fired him immediately after he had submitted a workers' compensation claim. Terrazas testified his lost wages over the two-year period since his firing totaled $37,000. He also testified to and requested mental anguish damages resulting from his termination as follows:

[Counsel]: All right. And have you suffered mental anguish, and anxiety, as a result of this termination?

[Terrazas]: Yes, too many. That is correct.

[Counsel]: And have you -- I guess, if you can describe, just briefly, for the Court, how you manifest depression?

[Terrazas]: A lot of anxiety, depression, not able to sleep, mental anguish. I just haven't been able to sleep because of just thinking that my legs are injured. It's too much what happen to me, a lot of depression.

[Counsel]: All right. Have you fallen behind on your bills as a result of losing your job?

[Terrazas]: Yes, of course.

[Counsel]: And have [sic] being behind on your bills has caused you much worry and stress?

2

[Terrazas]: Yes, a lot mentally, and physically, and financially.

[Counsel]: And much more than just normal worry, you have suffered extreme worry and stress as a result of the termination?

[Terrazas]: Exactly.

[Counsel]: All right. Do you ask this Court to compensate you for your lost wages of $37,000, and the pain -- the mental anguish that you have suffered as a result of the termination?

[Terrazas]: Correct.

[Counsel]: And how much are you asking this Court to -- what do you believe would be a fair amount to compensate you, for what you've been through, in the last two years as a result of the defendant's firing you?

[Terrazas]: It's a total of $150,000 that I have lost, that I have suffered or lost.

Terrazas's testimony was the only evidence presented on the lost wages and mental anguish damages. After hearing his testimony, the trial court granted default judgment against Camoco in the amount of $150,000.

The judgment was signed on October 21, 2016. But the judgment was not filed with the clerk until almost three months later on January 10, 2017. The clerk mailed notice of the default judgment to Camoco's registered agent in Austin a little over a week later on January 18—eighty-nine days after the date the judgment was signed. Camoco did not file any post-judgment motions. On January 30, Camoco filed notice of restricted appeal.

## DISCUSSION

### Return of Citation and Strict Compliance in Default Judgments

In its first issue, Camoco claims default judgment was improper because the return of citation did not strictly comply with Texas Rules of Civil Procedure 107(b)(8). He asserts the

3

return did not state the manner of delivery, and because strict compliance with the rules is required in a default judgment, the judgment must be reversed.

### *Standard of Review*

A party may bring a restricted appeal if it: (1) filed notice of the restricted appeal within six months of the signing of the judgment; (2) was a party to the underlying lawsuit; (3) did not participate in the hearing that resulted in the judgment; (4) did not timely file any post-judgment motions or requests for findings of fact and conclusions of law; and (5) error is apparent on the face of the record. *Bank of New York v. Chesapeake 34771 Land Trust*, 456 S.W.3d 628, 631 (Tex.App.--El Paso 2015, pet. denied)(*citing Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex. 2004)). Only the fifth element is contested here.

For purposes of a restricted appeal, the "face of the record" consists of all papers on file in the appeal. *Bank of New York*, 456 S.W.3d at 631 (*citing Norman Communications v. Tex. Eastman Co.*, 955 S.W.2d 269, 270 (Tex. 1997)). When reviewing a default judgment in a restricted appeal, we indulge no presumptions in favor of proper issuance, service, or return of citation. *Primate Constr., Inc. v. Silver*, 884 S.W.2d 151, 152 (Tex. 1994). The prevailing party bears the burden to prove service of process was proper. *Id*., at 153. If the record does not demonstrate strict compliance with the rules relating to the issuance, service, and return of citation, error is apparent on the face of the record. *Id*., at 152-53.

### *Applicable Law*

Texas Rules of Civil Procedure 107 governs the return of service. TEX.R.CIV.P. 107. The rule requires the return to include, among other things, "the manner of delivery of service or attempted service." TEX.R.CIV.P. 107(b)(8). A recitation in the return that a registered agent

"was served" or that delivery was made "by serving" the registered agent merely states a legal conclusion and does not show the manner of service. *Cox Marketing, Inc. v. Adams*, 688 S.W.2d 215, 218 (Tex.App.--El Paso 1985, no pet.).

*Analysis*

Here, the officer's return states:

> Came to hand July 26, 2016 at 10:08 A.M. and executed in Travis County, Texas, on July 26, 2016 at 2:14 P.M. by delivering to CAMOCO LLC D/B/A PRT STAFFING-EL PASO by delivering to its registered agent INCORP SERVICES INC at 815 Brazos Ste. 500, Austin, Texas 78701, by delivering to JASON CASEY, designated person to accept service, a true copy of the citation together with accompanying copy of the PLAINTIFF'S ORIGINAL petition.

As Camoco correctly notes, a long line of authority in this state holds that the manner of delivery of service or attempted service is not satisfied by merely stating that a person "was served" or that citation was delivered "by serving" a particular person. *See, e.g., Cox Mktg., Inc.*, 688 S.W.2d at 218; *Watson Van & Storage Co. v. Busse*, 451 S.W.2d 557, 558 (Tex.Civ.App.--Houston [1st Dist.] 1970, no writ)(stating that "it is settled" that only using the words "by serving" renders the return defective for failure to state the manner of service); *Hyltin-Manor Funeral Home, Inc. v. Hill*, 304 S.W.2d 469, 470 (Tex.Civ.App.--San Antonio 1957, no writ)(holding that a sheriff's return stating a conclusion that a corporate agent was "served" does not show the manner of service).

But here the return does not use the conclusory "by serving" language; it states service was accomplished *by delivering*. Camoco contends that "by serving" and "by delivering" are semantically identical in that both are stating the legal conclusion that service was made but fail to state the manner of delivery of service. We disagree. As several of our sister courts have concluded, the term "by delivering" denotes personal service. *Faggett v. Hargrove*, 921 S.W.2d 274, 277 (Tex.App.--Houston [1st Dist.] 1995, no writ)(noting that the word "delivering" shows

5

the manner of service as personal service but reversing the default judgment because the return did not state the individual served was capable of accepting service), *overruled on other grounds by Barker CATV Const., Inc. v. Ampro, Inc.*, 989 S.W.2d 789 (Tex.App.--Houston [1st Dist.] 1999, no pet.); *Wohler v. La Buena Vida in Western Hills, Inc.*, 855 S.W.2d 891, 892 (Tex.App.--Fort Worth 1993, no pet.)(holding that a return using the phrase "by delivering to the within named [defendant]" properly specifies the manner of delivery as personal service and references a party capable of receiving it); *Tavarez v. Smith*, No. 03-02-00118-CV, 2002 WL 31525282, at *3 (Tex.App.--Austin Nov. 15, 2002, no pet.)(not designated for publication)(holding that the word "delivery" indicated personal service by delivering the documents to the named defendant). Here, the return states service was accomplished "by delivering to CAMOCO . . . by delivering to its registered agent . . . by delivering to JASON CASEY, designated person to accept service . . . ." Accordingly, the return contains a statement specifying the manner of service as personal service and references a party capable of receiving it. Appellant's first issue is overruled.

**The Requirement that the Clerk Immediately Notify a Party of Default Judgment**

In its second issue, Camoco contends the default judgment should be reversed due to the clerk's failure to immediately notify it of the rendition of judgment. Camoco argues the clerk's failure to send notice until eighty-nine days after the judgment's signing violated Rule 306a's requirement that a party be immediately notified of a judgment or final order and constitutes error on the face of the record.

*Standard of Review*

As already noted, error must be apparent on the face of the record to succeed on restricted appeal. *Insurance Co. of State of Pa. v. Lejeune*, 297 S.W.3d 254, 255 (Tex. 2009). The "face

6

of the record" consists of all papers on file in the appeal. *Bank of New York*, 456 S.W.3d at 631.

### *Applicable Law*

Texas Rules of Civil Procedure 306a(3) states:

> When the final judgment or other appealable order is signed, the clerk of the court shall *immediately* give notice to the parties or their attorneys of record by first-class mail advising that the judgment or order was signed. Failure to comply with the provisions of this rule shall not affect the periods mentioned in paragraph (1) of this rule, except as provided in paragraph (4).   [Emphasis added].

TEX.R.CIV.P. 306a(3).

Paragraph one, as referenced in the rule, states the deadline for filing post-judgment motions such as a motion for new trial or other motions attacking the judgment begins to run on the day the judgment is signed.   TEX.R.CIV.P. 306a(1).   A party has a deadline of thirty days from the date of judgment to file these motions.   TEX.R.CIV.P. 306a.   Paragraph four, as referenced above, addresses what happens when a party does not receive notice of a judgment: if a party does not receive notice or have actual knowledge of the judgment within twenty days after it is signed, the deadline for post-judgment motions begins to run on the date the party receives notice or learns of the judgment.   TEX.R.CIV.P. 306a(4).   It further states, however, that "in no event" will the deadline begin to run more than ninety days after the original judgment is signed.   *Id*.   The Supreme Court has interpreted this to mean that no post-judgment motions can be filed after the ninety-day deadline has expired.   *Levit v. Adams*, 850 S.W.2d 469, 470 (Tex. 1993).

### *Analysis*

Here, the trial court signed the default judgment against Camoco on October 21, 2016. Notice was not mailed to Camoco, however, until January 18, 2017—precisely eighty-nine days

after the judgment was signed.[1]  Camoco claims the clerk's failure to "immediately" send notice denied the company the opportunity to file post-judgment motions and therefore requires reversal. We agree.  The Supreme Court has stated that the "obvious purpose" of the rule requiring notice of a judgment be sent to a party immediately is to ensure that parties affected by a final judgment or other appealable order have the opportunity to attack it by motion for new trial or appeal. *Petro-Chem. Transp., Inc. v. Carroll*, 514 S.W.2d 240, 244 (Tex. 1974).  "[The rule] will be unnecessarily thwarted if there can be no relief when the clerk, either intentionally or through oversight, fails to send the notice promptly as required by the rule."  *Id*.  Acknowledging this, Terrazas claims that Camoco's remedy was to seek a finding under Rule 306a(4) regarding when he received actual notice and thus receive an extended deadline for filing post-judgment motions. But as already noted, this interpretation of the rule has been rejected by the Supreme Court—no motions attacking the judgment may be considered after the ninety-day deadline has expired, regardless of a party's lack of notice.  *Levit*, 850 S.W.2d at 470.  The clerk's failure to send notice of judgment in a timely manner therefore deprived Camoco of the opportunity to attack the judgment by filing a motion for new trial or other post-judgment motions.  This failure constitutes error on the face of the record.  C*f. Cordero v. Am. Home Assur. Co.*, 281 S.W.3d 13, 16 (Tex.App.--El Paso 2005, no pet.)(where this Court found error on the face of the record when the clerk sent notice of judgment by fax but did not send the notice by first-class mail as the rule requires).  Accordingly, Camoco's second issue is sustained.

## CONCLUSION

Having sustained Camoco's second issue, the decision of the trial court is reversed, and the

---

[1] As noted earlier, the judgment was not filed with the clerk until January 10, 2017.

8

cause is remanded to that court for further proceedings.[2]


December 13, 2018

YVONNE T. RODRIGUEZ, Justice

Before McClure, C.J., Rodriguez, and Palafox, JJ.

---

[2] We need not address Camoco's third issue since our decision on the second issue is dispositive. TEX.R.APP.P. 47.1.