

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

|  |  |  |
|---|---|---|
| | § | No. 08-18-00206-CV |
| YOLANDA PATRICIA GONZALEZ, | § | |
| | | Appeal from the |
| APPELLANT, | § | |
| | | 65th District Court |
| V. | § | |
| | | of El Paso County, Texas |
| IRMA PEREZ, | § | |
| | | (TC# 2017DCM7313) |
| APPELLEE. | § | |
| | § | |

## **O P I N I O N**

Yolanda Patricia Gonzalez brings a restricted appeal from a protective order. We reverse and remand.

### FACTUAL SUMMARY

Irma Perez filed an application for a protective order pursuant to Article 7A.01(a)(1) of the Texas Code of Criminal Procedure based on allegations that Perez's sister, Yolanda Patricia Gonzalez, had been stalking her. *See* TEX.CODE CRIM.PROC.ANN. art. 7A.01(a)(1); TEX.PENAL CODE ANN. § 42.072(a). The trial court granted Perez's motion for substituted service and ordered that service on Gonzalez be effected by affixing a copy of the application for protective order, order to show cause, and order extending temporary ex parte order to the front door of her

residence. The citation return recites that a Deputy Sheriff posted the application on the door of the El Paso County Courthouse rather than Gonzalez's residence. The trial court entered a default protective order on April 9, 2018 pursuant to Article 7A of the Texas Code of Criminal Procedure and Title 4 of the Texas Family Code. Significantly, Gonzalez admits in her brief that she received notice that the protective order had been entered. Despite receiving this notice, Gonzalez did not file a timely motion for new trial seeking to set aside the default judgment based on defective service. *See* TEX.R.CIV.P. 329b(a)("A motion for new trial, if filed, shall be filed prior to or within thirty days after the judgment or other order complained of is signed."). Likewise, she did not file a timely notice of appeal from the protective order.

On June 29, 2018, the trial court signed an amended *nunc pro tunc* protective order. Gonzalez did not file a timely notice of appeal from the amended protective order. More than two months after the trial court signed the amended protective order, she instead filed a motion to vacate the protective order. Following a hearing, the trial court denied the motion to vacate, and Gonzalez filed a timely notice of appeal from that order. Her notice of appeal also states that this is a restricted appeal.

## DEFECTIVE SERVICE

In her sole issue, Gonzalez contends that the default protective order is void due to defective service and should be vacated. As part of this issue, she argues that the trial court erred by failing to grant her motion to vacate. Perez has not filed a brief.

### *Standing*

It is necessary to first address whether Gonzalez had standing to file a motion to vacate the protective order. Gonzalez did not file a timely notice of appeal from either the April 9, 2018 protective order or the June 29, 2018 amended *nunc pro tunc* protective order. Consequently, she

is relegated to challenging the protective order by other means. The Family Code permits either the original applicant or the person subject to the protective order to move the issuing court to reconsider the continuing need for a protective order after one year. TEX.FAM.CODE ANN. § 85.025(b); *see R.M. v. Swearingen*, 510 S.W.3d 630, 634 (Tex.App.—El Paso 2016, no pet.). Assuming for the sake of argument that Gonzalez's motion to vacate can be construed as a motion to reconsider pursuant to Section 85.025(b), it was premature. Therefore, Gonzalez did not have standing under the Family Code to challenge the protective order.

The trial court expressly found that there are reasonable grounds to believe that Perez is the victim of stalking, and the trial court recited in the protective order that it was entered pursuant to Article 7A of the Code of Criminal Procedure. A protective order entered under Article 7A may be rescinded only upon the request of the victim. TEX.CODE CRIM.PROC.ANN. art. 7A.07(b); *R.M.*, 510 S.W.3d at 634. Consequently, Perez does not have standing to file a motion to vacate or rescind the protective order under Article 7A.07(b). *See Molinar v. S.M.*, No. 08-15-00083-CV, 2017 WL 511888, at *2 (Tex.App.—El Paso Feb. 8, 2017, pet. denied); *R.M.*, 510 S.W.3d at 634.

*Restricted Appeal*

A party can prevail in a restricted appeal only if: (1) it filed notice of the restricted appeal within six months after the judgment was signed; (2) it was a party to the underlying lawsuit; (3) it did not participate in the hearing that resulted in the judgment complained of and did not timely file any post-judgment motions or requests for findings of fact and conclusions of law; and (4) error is apparent on the face of the record. *Insurance Company of State of Pennsylvania v. Lejeune*, 297 S.W.3d 254, 255 (Tex. 2009). In a restricted appeal, the face of the record consists of all papers on file in the appeal, including the reporter's record. *Norman Communications v. Texas Eastman Company*, 955 S.W.2d 269, 270 (Tex. 1997). Gonzalez has met the first two elements.

We must determine whether Gonzalez's motion to vacate the protective order constitutes a timely-filed post-judgment motion. The motion to vacate was not filed within the time for filing a motion for new trial pursuant to TEX.R.CIV.P. 329b. We have also found that it was not a timely-filed motion to reconsider under the Family Code. Given our conclusion that Gonzalez does not have standing to file a motion to vacate under Article 7A.07(b), we hold that the motion to vacate does not constitute a timely-filed post judgment motion for purposes of the restricted appeal analysis.

The only remaining issue is whether error is apparent on the face of the record. When reviewing a default judgment in a restricted appeal, we do not indulge any presumptions in favor of proper issuance, service, and return of citation. *Primate Construction, Inc. v. Silver*, 884 S.W.2d 151, 152 (Tex. 1994)(per curiam). Instead, the prevailing party bears the burden to prove proper service of process. *Primate Construction*, 884 S.W.2d at 153. Error is apparent on the face of the record when the record fails to show strict compliance with the rules relating to the issuance, service, and return of citation. *Primate Construction*, 884 S.W.2d at 152-53; *Camoco, LLC v. Terrazas*, 569 S.W.3d 270, 273 (Tex.App.—El Paso 2018, no pet.). The record before us is limited to the clerk's record as Gonzalez has not provided the Court with the record of the protective order hearing on April 4, 2018 or the hearing on Gonzalez's motion to vacate. We will not, however, presume that the omitted portion of the record supports the default judgment because strict compliance with the rules for citation must be affirmatively shown in the record. *See GMR Gymnastics Sales, Inc. v. Walz*, 117 S.W.3d 57, 59 (Tex.App.—Fort Worth 2003, pet. denied)(holding that presumption on appeal that omitted portion of the record contains facts that support the judgment does not apply to a restricted appeal attacking a default judgment on the grounds that service of process was defective).

The Deputy Sheriff's return reflects that he posted the citation on the door of the El Paso County Courthouse rather than on the front door of Gonzalez's residence as ordered by the trial court. The recitations in the return of citation are *prima facie* evidence of the facts recited therein. *Primate Construction*, 884 S.W.2d at 152. We conclude that error is shown on the face of the record. Accordingly, we sustain the sole issue presented and reverse the amended *nunc pro tunc* protective order. The cause is remanded to the trial court for further proceedings consistent with this opinion.

July 10, 2019

YVONNE T. RODRIGUEZ, Justice

Before McClure, C.J., Rodriguez, and Palafox, JJ.